United States Court of Appeals,

Eleventh Circuit.

No. 94-9089.

In re Pierce Lamar HARDY, Debtor.

Pierce Lamar HARDY, Plaintiff-Appellant,

v.

UNITED STATES of America, acting By and Through the INTERNAL
REVENUE SERVICE, Defendant-Appellee.

Sylvia Ford Drayton, Barnee C. Baxter, Trustees.

Oct. 21, 1996.

Appeal from the United States District Court for the Southern
District of Georgia. (No. CV193-186), Dudley H. Bowen, Jr.,
District Judge.

Before BIRCH and BARKETT, Circuit Judges, and SMITH[*], Senior
Circuit Judge.

EDWARD S. SMITH, Senior Circuit Judge:

Debtor Pierce Lamar Hardy appeals the decision of the United
States District Court for the Southern District of Georgia denying
him relief against the Internal Revenue Service ("IRS") under the
permanent injunction provision of 11 U.S.C. § 524(a)(2). The
district court dismissed Hardy's action due to lack of jurisdiction
after finding that there was no express unequivocal waiver of
sovereign immunity allowing recovery under § 524. *Hardy v. United
States (In re Hardy),* 171 B.R. 912 (S.D.Ga.1994). Due to the
intervening enactment of the Bankruptcy Reform Act of 1994, Pub.L.
No. 103-394, 108 Stat. 4106 (1994), we find that Congress has
waived sovereign immunity for violations of 11 U.S.C. §§ 524 and

---

[*]Honorable Edward S. Smith, Senior U.S. Circuit Judge for
the Federal Circuit, sitting by designation.

105, and that, therefore, the district court has subject matter jurisdiction over the case. We remand to the district court to make findings of fact, determine liability and, if warranted, assess damages and attorney fees consistent with 28 U.S.C. § 2412(d)(2)(A), 26 U.S.C. § 7430, and our recent decision in the companion case of *Jove Engineering, Inc. v. Internal Revenue Service,* 92 F.3d 1539 (11th Cir.1996).

*Facts*[1]

On January 7, 1986, Hardy filed a Chapter 13 petition for bankruptcy, listing IRS as a creditor in the filed schedules. In response to Hardy's bankruptcy petition, IRS filed a proof of claim for $11,640.99, which was paid in full over the lifetime of the bankruptcy plan pursuant to the order of confirmation dated April 15, 1985. After completion of the plan, Hardy received a discharge of his debts on April 5, 1991.

After receiving a copy of the discharge, IRS sent Hardy a letter requesting payment of $4,109.31 for the tax period ending December 1984. This amount represented pre-petition, discharged tax liability. Hardy's bankruptcy attorney, John Wills, sent a letter to IRS, notifying them of the discharge in bankruptcy.

On July 9, 1992, IRS levied on Hardy's bank account. Mr. Wills sent another letter on July 14, 1992, to the attention of the levy officer, Agent W. Roberts, notifying Agent Roberts and IRS of the discharge in bankruptcy. Agent Roberts visited Mr. Hardy's

---

[1]Because the bankruptcy court and the district court dismissed for lack of subject matter jurisdiction, no factual findings were made. The facts as asserted by the debtor are, therefore, taken as true for purposes of this appeal.

home on August 7, 1992, and coerced Mr. Hardy into signing a blank check made payable to IRS. Agent Roberts then filled in the amount of $3,465.61, the amount he contended that Hardy owed IRS, and then indicated that Mr. Hardy's account was settled.

Despite Agent Roberts' assurances that Mr. Hardy's account was clear, on January 16, 1993, Mr. Hardy received a Notice of Levy for the tax period ending December 1984 in the amount of $2,902.41.

*Proceedings Below*

Mr. Hardy's Chapter 13 case was closed on April 11, 1991. On February 16, 1993, Mr. Hardy filed a motion to reopen his Chapter 13 case pursuant to 11 U.S.C. § 350(b) in order to file an adversary proceeding against IRS for alleged violations of the discharge order. The motion was granted on February 25, 1993. On March 18, Mr. Hardy filed a complaint with the bankruptcy court against IRS, requesting sanctions for contempt under 11 U.S.C. § 105 for alleged violations of the discharge injunction of § 524, seeking actual damages, punitive damages, costs and attorney fees.

The bankruptcy court dismissed Hardy's claim for lack of subject matter jurisdiction, relying on former bankruptcy code section 11 U.S.C. § 106 which delineates the waiver of sovereign immunity in bankruptcy cases and finding that the doctrine of sovereign immunity barred the imposition of monetary damages in this case where sovereign immunity was not unequivocally waived. *Hardy v. United States (In re Hardy),* 161 B.R. 320, 325 (Bankr.S.D.Ga.1993).

Hardy appealed the dismissal of his case by the bankruptcy court to the United States District Court for the Southern District

of Georgia.  *Hardy v. United States (In re Hardy),* 171 B.R. 912 (S.D.Ga.1994).    After reviewing the appropriate bankruptcy provisions and case law, the district court reluctantly affirmed the bankruptcy's court's dismissal of the case for lack of subject matter jurisdiction.  *Id.* at 916.

On October 22, 1994, President Clinton signed the Bankruptcy Reform Act of 1994 ("Act"), which contained amendments to § 106 that specifically and unequivocally waive sovereign immunity for governmental units for numerous sections of the bankruptcy code, including §§ 105, 106, and 524.  Bankruptcy Reform Act of 1994, Pub.L. 103-394, § 113, 108 Stat. 4106, 4117 (1994).  The waiver of sovereign immunity applies to cases before, on, or after the date of enactment of the Act.  Bankruptcy Reform Act of 1994, Pub.L. 103-394, § 702(b)(2)(B), 108 Stat. 4150 (1994).

## *Jurisdiction and Standard of Review*

Under 28 U.S.C. § 158(d), this court has jurisdiction to hear all final orders from a district court that exercised appellate jurisdiction over bankruptcy court orders.  28 U.S.C. § 158(d) (1993).

This court exercises complete and independent review over conclusions of law made by both the bankruptcy court and district court.  *Glatter v. Mroz (In re Mroz),* 65 F.3d 1567, 1570 (11th Cir.1995);   *B.F. Goodrich Employees Federal Credit Union v. Patterson (In re Patterson),* 967 F.2d 505, 508 (11th Cir.1992); *Equitable Life Assurance Society v. Sublett (In re Sublett),* 895 F.2d 1381, 1383 (11th Cir.1990).

## *Sovereign Immunity*

The doctrine of sovereign immunity prohibits suits against the United States unless the United States specifically consents to be sued. In order to be effective, "[w]aivers of the Governments' sovereign immunity ... must be unequivocally expressed ... [and] are not generally to be liberally construed." *United States v. Nordic Village, Inc.,* 503 U.S. 30, 33-34, 112 S.Ct. 1011, 1014, 117 L.Ed.2d 181 (1992).

Such an unequivocal waiver is now contained in revised section 106 of the bankruptcy code for specifically enumerated bankruptcy provisions. Section 106 provides, in pertinent part:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
>
> > (1) Sections 105, 106, ... 524 ... of this title.
> >
> > (2) The court may hear an determine any issue arising with respect to the application of such sections to governmental units.
> >
> > (3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but not including an award of punitive damages.

11 U.S.C. § 106.

Section 106 further provides that it is not a provision for relief standing alone, stating, "[n]othing in this section shall create any substantive claim for relief or cause of action not otherwise existing under this title, the Federal Rules of Bankruptcy Procedure, or nonbankruptcy law." 11 U.S.C. § 106(a)(5). Therefore, although appellant is correct in asserting that sovereign immunity is waived by section 106, he must demonstrate that a source *outside* of section 106 entitles him to

the relief sought.  *See Jove,* 92 F.3d at 1548.

### *Liability for Violations of the Discharge Injunction*

Appellant points to two provisions outside of section 106 on which to predicate IRS's liability, sections 105 and 524 of the bankruptcy code.  IRS asserts that because Hardy only requested relief under § 524 in his appellate brief, that is the only provision under which this court can grant such relief.  Hardy did request damages arising under the statutory contempt powers of § 105 in his complaint.  Moreover, IRS argued fully the application of § 105 in this case in its appellate brief and will not be unduly prejudiced.  Due to the parties' misconstruction of the scope of the abrogation of sovereign immunity contained in revised § 106 and this court's resolution thereof in *Jove,* this court will consider Mr. Hardy's request as one for relief under *either* § 524 or § 105.

### A. Section 524(a)(2):

#### *Liability Under § 524(a)(2):*

Section 524 of the bankruptcy code provides the debtor with a post-discharge injunction against collection of debts discharged in bankruptcy, and thus embodies the "fresh start" concept of the bankruptcy code.  This provision is the barrier that prevents creditors from reaching the debtors' wages, property or assets.  Section 524 provides, in relevant part:

(a) A discharge in a case under this title ...

> (2) Operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived ...

11 U.S.C. § 524.

IRS argues that because section 524 does not expressly provide for relief other than injunctive relief, section 524 itself is not a "provision outside of section 106" which independently authorizes monetary relief.[2]  While it is true that § 524 does not specifically authorize monetary relief, the modern trend is for courts to award actual damages for violation of § 524 based on the inherent contempt power of the court. *Walker v. M & M Dodge, Inc. (In re Walker),* 180 B.R. 834, 847 (Bankr.W.D.La.1995); *Miller v. Mayer (In re Miller),* 81 B.R. 669, 679 (Bankr.M.D.Fla.1988), *and later proceeding,* 89 B.R. 942, 944 (Bankr.M.D.Fla.1988) (actual damages, attorney fees, and costs allowed). *Cf. In re Bowling,* 116 B.R. 659, 664-65 (Bankr.S.D.Ind.1990) (relying solely on statutory contempt powers of section 105 to award actual damages). Additionally, other courts have awarded sanctions and costs to recompense the debtor including amounts wrongfully withheld for violations of the post-discharge injunction. *See Matthews v. United States (In re Matthews),* 184 B.R. 594, 598 (Bankr.S.D.Ala.1995).[3]

The Supreme Court has warned that a court must "exercise caution in invoking its inherent power," stating:

---

[2]IRS compares § 524 to § 362(h), which provides for monetary damages for violation of the automatic stay, stating, "[a]n individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriates circumstances, may recover punitive damages."  11 U.S.C. § 362(h).

[3]IRS may be sanctioned under the court's *inherent* contempt powers only if its actions in violating the discharge provisions were in bad faith. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 49, 50, 111 S.Ct. 2123, 2135, 115 L.Ed.2d 27 (1991); *Mroz,* 65 F.3d at 1575.  Bad faith conduct includes conduct that is vexatious, wanton or oppressive. *Mroz,* 65 F.3d at 1575.

> Because of their very potency, inherent powers must be exercised with restraint and discretion. A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process ... [W]hen there is bad-faith conduct in the course of litigation that could be adequately sanctioned under the Rules, the court ordinarily should rely on the Rules rather than the inherent power. But if in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power.

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 50, 111 S.Ct. 2123, 2132, 2136, 115 L.Ed.2d 27 (1991).

Instead of grounding liability for violation of the permanent stay in the court's inherent contempt powers and § 524, we exercise the caution recommended by the Court in *Chambers* and rely on the other available avenue for relief, statutory contempt powers under § 105.

*B. Section 105:*

*1. Liability Under § 105:*

Section 105 grants statutory contempt powers in the bankruptcy context, stating, "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105 creates a statutory contempt power, distinct from the court's inherent contempt powers in bankruptcy proceedings, for which Congress unequivocally waives sovereign immunity. *Jove,* 92 F.3d at 1553. The language of § 105 encompasses "any type of order, whether injunctive, compensative or punitive, as long as it is "necessary or appropriate to carry out the provisions of' the Bankruptcy Code." *Id.* at 1553-54. Therefore, "§ 105(a) grants courts independent statutory powers to award monetary and other forms of relief for automatic stay violations to the extent such

awards are "necessary and appropriate' to carry out the provisions of the Bankruptcy Code."  *Id.*

## 2. Waiver of Sovereign Immunity for § 105

Congress amended § 106 to expressly and unequivocally waive sovereign immunity under § 105, permitting a court to "issue against a governmental unit ... an order, process, or judgment awarding a money recovery, but not including an award of punitive damages."  11 U.S.C. § 106(a)(3); *see Jove,* 92 F.3d at 1554.  This court has found that "§ 106(a) unequivocally waives sovereign immunity for court-ordered monetary damages under § 105, although such damages may not be punitive."   *Jove,* 92 F.3d at 1554. Therefore, Hardy may seek any "necessary or appropriate" monetary relief under the statutory contempt powers of § 105 for violation of the discharge injunction.

## 3. Liability for Contempt under § 105

While a defendant may be cited for contempt under the court's inherent powers only upon a showing of "bad faith," *Mroz,* 65 F.3d at 1575, IRS may be liable for contempt under § 105 if it *willfully* violated the permanent injunction of § 524. *Jove,* 92 F.3d 1553-54, *see  Havelock v. Taxel (In re Pace),*    67  F.3d  187, 193 (9th Cir.1995).  This court has stated that "the focus of the court's inquiry in civil contempt proceedings is not on the subjective beliefs or intent of the alleged contemnors in complying with the order, but whether in fact their conduct complied with the order at issue."  *Howard Johnson Co. v. Khimani,* 892 F.2d 1512, 1516 (11th Cir.1990) (quoted in *Jove,* 92 F.3d at 1554).  In *Jove,* this court adopted a two-pronged test to determine willfulness in violating

the automatic stay provision of § 362.  Under this test the court will find the defendant in contempt if it:  "(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay." *Jove,* 92 F.3d at 1555.  This test is likewise applicable to determining willfulness for violations of the discharge injunction of § 524.

If the court on remand finds, as the plaintiff claims, that IRS received notice of Mr. Hardy's discharge in bankruptcy, and was thus aware of the discharge injunction, Mr. Hardy will then have to prove only that IRS intended the actions which violated the stay. We remand to the district court for factual determinations and for determination of IRS's liability for willful violations of § 524 in accordance with the guidelines set forth in *Jove.*

### *Sanctions Available Under §§ 105*

### 1. Coercive Sanctions

The court may only impose sanctions for contempt that are coercive and not punitive.   *Jove,* 92 F.3d at 1557-58.   In determining whether a sanction for contempt is coercive, the court must ask "(1) whether the award directly serves the complainant rather than the public interest and (2) whether the contemnor may control the extent of the award." *Id.*  If the court finds, as in *Jove,* that the appellant primarily seeks monetary damages in the form of a fixed non-compensatory fine, then the court may not order such monetary damages, as they are punitive and not coercive.

### 2. Attorney Fees

Section 106's unequivocal waiver of sovereign immunity provides that an "order or judgment for costs or fees under this

title ... shall be consistent with the provisions and limitations of section 2412(d)(2)(A) of title 28." 11 U.S.C. § 106(a)(3). Section 2412(d)(2)(A) defines "fees and other expenses' under the Equal Access to Justice Act ("EAJA"). Accordingly, the award of attorney fees under the contempt powers of § 105 or inherent contempt powers of the court must be consistent with this section of the EAJA. *See Jove,* 92 F.3d at 1559-60.

Likewise, an award of attorney fees must be consistent with section 7430 of the Internal Revenue Code ("IRC"). Section 7430 waives sovereign immunity for costs and fees "[i]n any ... court proceeding which is brought ... against the United States in connection with the ... collection ... of any tax, interest, or penalty." 26 U.S.C. § 7430. While the EAJA is limited to proceedings to which § 7430 does not apply,[4] the provision of § 106 that waives sovereign immunity is not so limited. *Jove,* 92 F.3d at 1559-60. Because the waiver in § 106 does provide, however, that enforcement should be consistent with nonbankruptcy law applicable to such governmental unit, 11 U.S.C. § 106(a)(4), awards for contempt under §§ 105 must be consistent with the requirements of § 7430. *Id.*

*Conclusion*

We REVERSE the district court's finding of no subject matter jurisdiction due to the intervening Bankruptcy Reform Act of 1994 which unequivocally waives sovereign immunity for bankruptcy code

---

[4]Section 2412 provides that "the provisions of this section shall not apply to any costs, fees, and other expenses in connection with any proceeding to which section 7430 of the Internal Revenue Code of 1986 applies." 28 U.S.C. § 2412(e).

sections 105 and 524.  The court may find IRS in contempt under §
105 by finding that IRS acted willfully, according to the test set
forth in the companion case of *Jove*.

The court may award sanctions for contempt only to the extent
that they are coercive, and not punitive.  The court may also, in
its discretion, award attorney fees and costs, as long as such
awards are consistent with the requirements of 28 U.S.C. § 2412 and
26 U.S.C. § 7430.  We REMAND to the district court for further
proceedings consistent with this opinion.