**In re Gary BURKE, Pamela Burke, Debtors.**

**Gary Burke, Pamela Burke, Plaintiffs,**

**v.**

**State of Georgia Department of Revenue, Defendant.**

**Bankruptcy No. 92–11482.
Adversary No. 95–01050A.**

United States Bankruptcy Court, S.D. Georgia, Augusta Division.

Sept. 21, 2001.

James C. Walker, Augusta, GA, for debtors.

A. Stephenson Wallace, Augusta, GA, trustee.

## *ORDER*

JOHN S. DALIS, Chief Judge.

Gary and Pamela Burke ("Debtors") seek actual damages for medical bills, prescriptions, lost wages, attorneys' fees and sanctions against the State of Georgia Department of Revenue ("Georgia") for sending a collection letter and failing to cancel a fieri facias in violation of the § 524[1] discharge injunction. Based upon the facts of this case, the imposition of sanctions or the award of damages is not appropriate.

The facts are as follows. Prior to filing bankruptcy, Mr. Burke became involved in the so called "tax protestor movement" in which he refused to divulge any tax information to lawful taxing authorities based upon the mistaken belief that such disclosure violated his constitutional right against self-incrimination. Mr. Burke was tried and convicted in federal court and sent to prison for two years for his misconduct. Out on probation and faced with possible wage garnishment actions for unpaid taxes, the Debtors filed a Chapter 13 case on August 14, 1992. Georgia filed a proof of claim for outstanding tax liabilities. The Debtors filed an objection to the proof of claim. At the hearing on Debtor's

objection, previous counsel for the parties requested that I resolve the objection on stipulations of fact and briefs. Although Debtors' counsel filed a proposed stipulation of facts and brief, nothing was submitted by Georgia. Based upon the stipulation submitted, I ordered the claim for the 1980–1984 taxes allowed as a general unsecured claim of Twelve Thousand Four Hundred Thirty–Seven and 46/100 dollars ($12,437.46). Georgia did not seek reconsideration of or appeal that order. The Debtors converted their case to a Chapter 7 on July 20, 1993 and received a discharge on February 1, 1994. The case was closed on February 9, 1994 without either party filing an action to determine the dischargeability of these taxes.

On May 3, 1994, Georgia sent the Debtors a collection letter demanding payment of 1990 tax obligations as well as the 1980–1984 tax obligations. Debtors filed a motion to reopen their bankruptcy case which was granted on March 7, 1995. On June 5, 1995, this adversary was filed alleging the § 524 violation. Georgia filed a motion for summary judgment, alleging that the taxes were not discharged and therefore there was no violation. In an August ·9, 1995 order, I held that the 1980–1984 taxes, accrued interest and penalties were discharged by the discharge order of February 1, 1994. Subsequently, Georgia filed a motion to dismiss based upon sovereign immunity. On September 6, 1996, I denied the motion finding that sovereign immunity was waived by § 106 of Title 11 United States Code and by the filing of the proof of claim. I further found that Georgia violated the discharge injunction and stated that "the fact that no prior determi-

---

**1.** 11 U.S.C. § 524(a)(2) states in pertinent part:
(a) A discharge in a case under this title—
(2) operates as an injunction against the commencement or continuation of an action, the

employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived.

nation of dischargeability was made is one factor to consider in whether to impose sanctions upon Georgia and if so to what extent." *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, 200 B.R. 282 (Bankr.S.D.Ga.1996).

Georgia filed a motion to alter or amend the September 6, 1996 order asserting that § 106 was unconstitutional. Georgia's motion was denied finding that it voluntarily subjected itself to the Court's equitable power which includes the power to enforce the discharge injunction. *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, 203 B.R. 493 (Bankr.S.D.Ga.1996). The District Court affirmed and the matter was then further appealed to the Eleventh Circuit Court of Appeals which also affirmed. *Burke v. State of Georgia, Dept. of Revenue (In re Burke)*, 146 F.3d 1313 (11th Cir.1998) *cert. denied* 527 U.S. 1043, 119 S.Ct. 2410, 144 L.Ed.2d 808 (1999).

On remand, both parties again filed motions for summary judgment as to violation of the discharge injunction and the determination and extent of damages. Debtors were granted summary judgment as to the violation of the discharge injunction; however, summary judgment was denied as to the issue of damages and the matter was set for trial.

At trial the Debtors alleged that this single collection letter caused severe emotional distress which lead to Ms. Burke being unable to conceive a child, requiring anti-depressant drug therapy and eventually causing the break-up of their marriage. Mr. Burke testified to losing five days of work based on ten hour days at $15 an hour in preparation for this case and also seeks compensation for a week's wages for work time lost during this trial. Ms. Burke testified to owing their attorneys the fees requested. The issue is whether to award damages to the Debtors and/or impose sanctions against the State of Georgia for this violation of the discharge injunction. This Court has jurisdiction to hear this matter as a core bankruptcy proceeding under 28 U.S.C. § 157(b)(2)(A) & (O) and 11 U.S.C. §§ 105 & 106.

■ There is no question that Georgia willfully violated the § 524 discharge injunction. *Hardy v. United States (In re Hardy)*, 97 F.3d 1384 (11th Cir.1996) establishes a two part test to determine willfulness. Georgia willfully violated the discharge injunction because it received notice of the discharge and intended the actions which violated the injunction. Georgia contends that since they had no record of 1980–84 tax filings they sent the collection letter thinking the taxes were not discharged. Specific intent is not the focus of the inquiry. The focus is whether those acting under authority of the state intended the *actions* which violated the injunction. *Id.* Clearly, they intended to send the collection letter and file a fieri facias[2]. As stated previously, "the fact that no prior determination of dischargeability was made is one factor to consider in whether to impose sanctions upon Georgia and if so to what extent." *Burke*, 200 B.R. at 288.

■ Unlike § 362(h)[3], which requires an award of damages for a willful violation of the automatic stay, § 524 is based upon the inherent contempt power of the court.

---

**2.** The fieri facias has now expired by operation of law.

**3.** 11 U.S.C. § 362 states in pertinent part:
h) An individual injured by any willful violation of a stay provided by this section *shall* recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages. (Emphasis added).

*Hardy v. United States (In re Hardy),* 97 F.3d 1384 (11th Cir.1996). Whether or not to impose sanctions is within the sound discretion of the trial court. *United States v. United Mine Workers,* 330 U.S. 258, 303, 67 S.Ct. 677, 701, 91 L.Ed. 884 (1947).

 I find that the damages alleged in this case are not only speculative but ridiculous. The Debtors failed to put forth any credible evidence to show with reasonable certainty that the collection letter and fieri facias caused Ms. Burke to be unable to conceive a child, caused her depression requiring her to take anti-depressants and furthermore caused the break-up of their marriage. The testimony showed that Ms. Burke had been a victim of abuse by her then husband in a prior marriage and had gallbladder surgery and reconstructive microsurgery to reverse her tubal ligation all prior to this bankruptcy filing. Furthermore her testimony revealed that she was taking Buspar and Prozac for depression well before the filing of this bankruptcy case. With these prior conditions, there can be no "reasonable certainty" that the collection letter caused the maladies Ms. Burke claims. *Stewart v. Internal Revenue Service (In re Stewart),* 2000 WL 1194437 (Bankr.S.D.Ga.2000). Having observed the demeanor and heard the testimony of Mr. Burke I conclude him to be an unrepentant tax cheat. There is nothing noble about Mr. Burke's efforts to evade his responsibility to file proper tax returns and pay his taxes or his use of this forum to continue his self-proclaimed war with lawful taxing authorities.

 There is no doubt that the Debtors owe a substantial amount of money to their attorneys. At least Ms. Burke acknowl-

edges that she owes the fees. Mr. Burke has never acknowledged owing anything to anyone associated with this case, not even his lawyers. The farce here is that I am asked to require the *taxpayers* of Georgia to pay the legal fees of these Debtors who scoff at the law and refuse to pay their taxes. I will not do this[4]. Neither I, nor anyone else associated with the case operate under the illusion that without this award the attorneys will be paid the fees they have earned. However, the equities here do not justify an award to Debtors in any amount whatsoever.

It is therefore ORDERED that no damages are awarded Debtors and no sanctions are imposed against the State of Georgia.

---

4. Because I do not award attorneys fees to the Debtors, it is unnecessary to address whether "special circumstances make an award unjust" under the Equal Access to Justice Act, 28 U.S.C. § 2412. Nor do I reach the issue of

whether Professor Bederman was required to seek my approval of his retention under 11 U.S.C. § 327 as a prerequisite to recovery of his fees.