[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11798
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 15, 2010
JOHN LEY
CLERK

D.C. Docket No. 6:09-cv-01783-JA
BKCY No. 3:00-bk-05003-JAF

In Re: Joseph R. O'Lone,

                Debtor.

_____

JOSEPH R. O'LONE,

                Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,

                Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(December 15, 2010)

Before BLACK, HULL and MARTIN, Circuit Judges.

PER CURIAM:

Joseph O'Lone, the debtor below, proceeding *pro se*, appeals the district court's order affirming the bankruptcy court's order denying his motion for sanctions against the Social Security Administration ("SSA"), based on a claim that the SSA violated a settlement agreement entered into between the parties. After review, we affirm.[1]

Under an abuse-of-discretion standard, we "must affirm unless [it finds] that the [lower] court has made a clear error of judgment, or has applied the wrong legal standard." *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1238 (11th Cir. 2007) (quotation omitted). We generally do not disturb the bankruptcy court's credibility determinations, *see In re Englander*, 95 F.3d 1028, 1030 (11th Cir. 1996), because the bankruptcy court is best able to assess the credibility and evidentiary content of the testimony of the witnesses before it, *see In re Chalik*, 748 F.2d 616, 619 (11th Cir. 1984). In other contexts, we have stated that we would not disturb a district judge's credibility finding unless a witness's testimony is unbelievable on its face. *See United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997) (holding that testimony is incredible as a matter of law when it is "unbelievable on its face" and relates to "facts that the witness physically could

---

[1]We review the bankruptcy court's factual findings for clear error and resolve legal questions *de novo*. *In re Int'l Pharmacy & Discount II, Inc.*, 443 F.3d 767, 770 (11th Cir. 2005). Additionally, we review a bankruptcy court's decision whether or not to impose sanctions for an abuse of discretion. *See In re Mroz*, 65 F.3d 1567, 1571-72 (11th Cir. 1995).

not have possibly observed or events that could not have occurred under the laws of nature").

"[W]hen the district court has affirmed the bankruptcy court's findings . . . we will apply the clearly erroneous doctrine with particular rigor." *In re Jet Florida Sys., Inc.*, 861 F.2d 1555, 1558 (11th Cir. 1988). "A decision that is contrary to the law plainly is an abuse of discretion." *Id.* "[A]n abuse of discretion standard recognizes that there is a range of choices within which we will not reverse the district court even if we might have reached a different decision." *Schiavo ex rel. Schindler v. Schiavo*, 403 F.3d 1223, 1226 (11th Cir. 2005).

Title 11 of the United States Code governs bankruptcy proceedings. Section 105 of Title 11 provides in part:

> The court *may* issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

11 U.S.C. § 105(a) (emphasis added). A bankruptcy court is entitled to use its statutory sanctioning authority under § 105(a) for a violation of a post-discharge injunction order only if the party willfully violated the discharge order. *In re Hardy*, 97 F.3d 1384, 1389-90 (11th Cir. 1996).

Bankruptcy courts also have inherent powers to impose sanctions for certain conduct, notwithstanding the existence of rules or statutes authorizing sanctions for the same conduct. *Mroz*, 65 F.3d at 1575; *see also In re Sunshine Jr. Stores, Inc.*, 456 F.3d 1291, 1304 (11th Cir. 2006) (recognizing the inherent power of federal courts, including bankruptcy courts, to impose sanctions on parties and lawyers). Because of their "potent" nature, "inherent powers must be exercised with restraint and discretion." *Mroz*, 65 F.3d at 1575 (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-44 (1991)) (citation and footnote omitted). "A primary aspect of that discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Id.* (quotation omitted).

In using this inherent power, the bankruptcy court must make a finding of bad faith. *In re Walker*, 532 F.3d 1304, 1309 (11th Cir. 2008). A court may assess attorney's fees against a party or counsel if he "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46 (quotation omitted). For example, sanctions are appropriate if the court finds that

4

the responsible party practiced fraud on it, defiled "the very temple of justice," or showed "bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *Id.* at 46 (quotations omitted). "If particularly egregious, the pursuit of a claim without reasonable inquiry into the underlying facts can be the basis for a finding of bad faith." *Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998).

Here, the bankruptcy court did not abuse its discretion by denying O'Lone's sanctions motion, as the evidence supports its finding that the SSA did not breach the settlement agreement. Accordingly, we affirm.

**AFFIRMED.**