*By order of the Bankruptcy Appellate Panel, the precedential effect
of this decision is limited to the case and parties pursuant to 6th
Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  11b0001n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re: ALEXANDER GREENSPAN and FRIDA GREENSPAN, <br><br> Debtors. <br><br>_____ <br><br><br> GEORGE L. BADOVICK, <br><br> Appellant, <br><br> v. <br><br> ALEXANDER GREENSPAN and FRIDA GREENSPAN, <br><br> Appellees. <br> _____ | ) <br> ) <br> ) <br> ) <br> )　No. 10-8019 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

Appeal from the United States Bankruptcy Court
for the Northern District of Ohio
Case No. 07-10774

Decided and Filed:  February 2, 2011

Before: FULTON, McIVOR, and RHODES, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:**  Jonathan P. Blakely, WESTON HURD LLP, Cleveland, Ohio, for Appellant.

## OPINION

STEVEN RHODES, Bankruptcy Appellate Panel Judge. Attorney George L. Badovick appeals an order of the bankruptcy court awarding attorney fees and expenses to chapter 7 debtors Alexander and Frida Greenspan for Badovick's violation of the debtors' discharge injunction. For the reasons that follow, we affirm the order of the bankruptcy court.

## I.   ISSUE ON APPEAL

The issue on appeal is whether the bankruptcy court abused its discretion in awarding the debtors' attorney fees and expenses as a sanction for Badovick's violation of the discharge injunction.

## II.   JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Northern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of the bankruptcy court may be appealed as of right pursuant to 28 U.S.C. § 158(a)(1). For purposes of appeal, an order is final if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citations omitted). The bankruptcy court's order imposing sanctions is a final, appealable order. *See B-Line, LLC v. Wingerter* (*In re Wingerter*), 594 F.3d 931, 936 (6th Cir. 2010).

A bankruptcy court's imposition of sanctions is reviewed for an abuse of discretion. *Id.* An abuse of discretion is established when the reviewing court is left with a definite and firm conviction that the court below committed a clear error of judgment. *Mich. Div.-Monument Builders of N. Am. v. Mich. Cemetery Ass'n*, 524 F.3d 726, 739 (6th Cir. 2008) (citations omitted). "An abuse of discretion occurs only when the [trial] court relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard." *Kaye v. Agripool, Inc. (In re Murray, Inc.)*, 392 B.R. 288, 296 (B.A.P. 6th Cir. 2008). "'The question is not how the reviewing court would have ruled, but rather whether a reasonable person could agree with the bankruptcy

court's decision; if reasonable persons could differ as to the issue, then there is no abuse of discretion.'" *In re Wingerter,* 594 F.3d at 936 (quoting *Barlow v. M.J. Waterman & Assocs., Inc.* (*In re M.J. Waterman & Assocs., Inc.*), 227 F.3d 604, 608 (6th Cir. 2000)).

### III.   FACTS

On February 8, 2007, Alexander and Frida Greenspan filed a petition for relief under chapter 13 of the Bankruptcy Code.  Their case was converted to one under chapter 7 on April 13, 2007, and David Simon was appointed trustee.  After receiving notice of the debtors' bankruptcy case, attorney George Badovick filed a proof of claim in the amount of $5,686.94 for fees he was owed for legal services performed for various businesses owned by the debtors.  Pre-petition, Badovick sued the debtors to collect on legal fees owed in connection with commercial litigation.  That lawsuit resulted in a judgment against the debtors for $5,686.84 plus interests and costs.

Prior to filing for bankruptcy protection, the debtors sold their home in Russell, Ohio and were attempting to purchase a new home in Solon, Ohio.  Because the debtors were having problems obtaining a mortgage to purchase the Solon home, their friends Dr. And Mrs. Igor Lantsberg obtained a mortgage to finance the Solon property for them.  As part of this transaction, the debtors transferred $120,000 to the Lantsbergs for a down payment.  The Lanstbergs then took title to the property.  The debtors, however, resided in the home and paid all related expenses.  The title to the property was subsequently transferred to FGAG Limited, LLC, an Ohio limited liability company in which Dr. Igor Lantsberg holds a 95% interest, and debtor Alexander Greenspan holds a 5% interest.

In connection with the administration of the debtors' bankruptcy case, the trustee asserted that the $120,000 transfer from the debtors to the Lantsberg was fraudulent pursuant to provisions of Chapter 1336 of the Ohio Revised Code.[1]  The trustee and the debtors engaged in negotiations which resulted in the debtors offering to compromise the trustee's claims for $80,000, a sum which was to be funded by loans to the debtors from friends and relatives.  With that offer in hand, on August 30, 2007, the trustee filed a Motion to Compromise Controversy.  The motion included a

---

1. No formal adversary proceeding was filed.  Rather, the trustee simply negotiated with the debtors.

Notice of Hearing and opportunity to object, and a matrix, which included Badovick, of those to be served with a copy of the motion.

On September 28, 2007, the bankruptcy court entered an order granting the Motion to Compromise. Payments to unsecured creditors of the debtors were made at the rate of 14.831% from the settlement proceeds. As an unsecured creditor, Badovick received his pro rata payment in the amount of $843.43.

On October 15, 2007, the debtors received their discharge. On October 17, 2007, the bankruptcy court posted the Notice of Order of Discharge with a Certificate of Service. The Certificate of Service indicated that Badovick was served with the notice.

On May 1, 2009, represented by attorney P. Ryan Parker, Badovick filed a complaint in the Court of Common Pleas, Cuyahoga County against the debtors, FGAG Limited, LLC, and Dr. Igor Lantsberg. The complaint asserted a fraudulent conveyance claim, civil conspiracy claim, and civil RICO claim related to the pre-petition fraudulent conveyance of the Solon home. In response to the complaint, the debtors obtained counsel, Mary Ann Rabin, who through phone calls and letters urged both Parker, and Badovick directly, to dismiss the complaint. On June 19, 2009, the complaint was dismissed.

On August 7, 2009, acting as his own counsel, Badovick filed a second complaint in the Court of Common Pleas, Cuyahoga County, against the same defendants. This second complaint again asserted claims related to the pre-petition transfer compromised by the trustee. However, in this complaint, Badovick stated that "[d]efendants, Alexander Greenspan and Frida Greenspan, are named herein as necessary parties as described in Civil Rule 19. No money judgment is being sought against them." After receiving service of this second complaint, the debtors again retained Rabin.

On September 4, 2009, the debtors filed a motion to reopen their bankruptcy case. The bankruptcy court granted that motion and on November 20, 2009, the debtors filed a motion for Badovick to appear and show cause why he should not be held in contempt pursuant to 11 U.S.C. § 524(a)(2) for violation of the injunction against the commencement or continuation of an action

to collect a debt that has been discharged in bankruptcy.  The motion also sought sanctions pursuant to Federal Rule of Bankruptcy Procedure 9011.

The bankruptcy court held a hearing on the debtors' motion on December 17, 2009, at which it issued an order scheduling discovery and an evidentiary hearing.  Discovery ensued, including the deposition of Badovick.  On February 17, 2010, the court held an evidentiary hearing, and on February 22, 2010, it entered an order finding Badovick in contempt for violating the discharge injunction.  The court further found that the violation would be adequately addressed by awarding the debtors their actual attorney fees.  It did not address Rule 9011.  Upon instructions of the bankruptcy court, Rabin submitted a detailed fee statement for $13,230.00 in fees and $675.86 in expenses.  Over the objection of Badovick that the fees were excessive, the bankruptcy court entered an order on March 21, 2010, awarding fees in the amount of $12,510.00 and expenses in the amount of $675.85 as a sanction against Badovick for violating the debtors' discharge injunction.  The court denied only those fees attributed to the non-debtor defendant Dr. Igor Lantsberg.

Badovick's timely appeal followed.

## IV.   DISCUSSION

After a chapter 7 debtor meets his obligations under the Bankruptcy Code, he is discharged from all debts that arose prior to the filing of his bankruptcy case.  *See* 11 U.S.C. § 727(b).  The bankruptcy discharge operates as an injunction to prevent any person or entity from commencing or continuing an act to collect a discharged debt as a personal liability of the debtor.  11 U.S.C. § 524(a)(2).  "The purpose of the permanent injunction is to effectuate one of the primary purposes of the Bankruptcy Code: to afford the debtor a financial 'fresh start.'"  *In re Miller,* 247 B.R. 224, 228 (Bankr. E.D. Mich. 2000), *aff'd*, 282 F.3d 874 (6th Cir. 2002) (citing *Green v. Welsh*, 956 F.2d 30, 33 (2d Cir. 1992)).  The injunction is intended to preclude virtually all actions to collect, including post-discharge lawsuits.  *In re Lafferty*, 229 B.R. 707, 712 (Bankr. N.D. Ohio 1998).

While there is no private right of action for violation of the discharge injunction, debtors may bring civil contempt charges against a party they allege has violated the injunction, and if contempt is established, they may be awarded damages as a sanction for that contempt.  *See Pertuso v. Ford Motor Credit Co.*, 233 F.3d 417, 421-23 (6th Cir. 2000) (debtor's avenue of recourse for violation

of injunction is to bring action against creditor for contempt); *Chambers v. Greenpoint Credit* (*In re Chambers*), 324 B.R. 326, 329 (Bankr. N.D. Ohio 2005). "The modern trend in civil contempt proceedings is for courts to award actual damages for violations of § 524's discharge injunction, and, where necessary to effectuate the purposes of the discharge injunction, a debtor may be entitled to reasonable attorney fees." *Miles v. Clarke* (*In re Miles*), 357 B.R. 446, 450 (Bankr. W.D. Ky. 2006) (citations omitted); *In re Miller*, 247 B.R. at 228 ("This Court agrees that a debtor who is injured by a willful violation of the discharge injunction is entitled to damages, including reasonable attorney fees. Otherwise the discharge injunction would be essentially without meaning or effect."); *see also Hardy v. United States* (*In re Hardy*), 97 F.3d 1384, 1389 (11th Cir. 1996) ("[M]odern trend is for courts to award actual damages for violation of § 524 based on the inherent contempt power of the court.")

Following an evidentiary hearing in this case, the bankruptcy court found that Badovick violated the debtors' discharge injunction. The court stated that Badovick "intended to pressure the debtors to pay the discharged debt by naming them as defendants in [the second] lawsuit, forcing them again to retain counsel to represent them, and also by naming their good friend Dr. Lantsberg as a defendant. In doing so, he violated the discharge injunction." (Bankruptcy Court Memorandum of Opinion and Order, Feb. 22, 2010, Docket # 126 at 13.) Finding, however, that the debtors had not shown that they suffered any actual damages, the bankruptcy court rejected the debtors' prayer for an award of $10,000. The court found instead that the violation of the discharge injunction would be "adequately addressed" by awarding the debtors' their actual attorney fees, and ordered debtors' counsel to submit a detailed fee statement. Once the required fee statement was submitted, the bankruptcy court awarded fees in the amount of $12,510.00 and expenses in the amount of $675.85, denying only those fees ($720) attributed to the non-debtor defendant Dr. Igor Lantsberg.

Badovick has not appealed the bankruptcy court's order finding him in contempt for violating the debtors' discharge injunction, and determining that the violation should be addressed by awarding the debtors their actual attorney fees. He has appealed only the court's subsequent order awarding the $12,510.00 in fees and $675.85 in expenses. According to Badovick, the reasonable attorney fees which may be awarded as a sanction, are not necessarily *actual* legal expenses incurred, and, therefore, in determining the amount of attorney fees to impose as a sanction, the court must consider the amount necessary to deter the attorney from future violations, the amount the debtor was

forced to expend because of the attorney's unreasonable conduct, the mitigating actions of the opposing party, and the attorney's ability to pay the sanctions. Badovick argues that because the bankruptcy court did not consider these factors, its award of attorney fees was an abuse of discretion.

In support of his position, Badovick cites to *Jackson v. Law Firm of O'Hara, Ruberg, Osborne & Taylor*, 875 F.2d 1224 (6th Cir. 1989) and *Braun v. Champion Credit Union* (*In re Braun*), 152 B.R. 466 (N.D. Ohio 1993). *Jackson* and *Braun* do identify the factors noted by Badovick as ones which should be considered by a court when determining the amount of attorney fees to impose as sanctions. These cases, however, are inapposite here as they examine the imposition of an award of attorney fees as a sanction against an attorney who has violated his or her obligations under Federal Rule of Bankruptcy Procedure 9011. While the debtors' motion included an assertion that as an attorney Badovick should also be subject to sanctions under Rule 9011, the bankruptcy court sanctioned Badovick, not for his actions as an attorney under Rule 9011, but as a creditor of the debtors. Neither the bankruptcy court's order finding that Badovick violated the discharge injunction and determining that attorney fees would be imposed as a sanction nor the court's order determining the amount of attorney fees, makes any mention of imposing sanctions under Rule 9011. The court's orders specifically state that the sanction is being imposed for violating the discharge injunction.

Because the violation of the discharge injunction is a transgression against the bankruptcy court's order, "'broad discretion is invested in the court in selecting an appropriate sanction.'" *In re Miles*, 357 B.R. at 450 (quoting *In re Chambers*, 324 B.R. at 329). Reasonable attorney fees are an appropriate sanction for violation of the discharge injunction. *In re Miles*, 357 B.R. at 450; *In re Miller*, 247 B.R. at 228. Badovick argues that the award should be reduced or vacated as excessive for the "prosecution of a routine motion." Beyond stating that it was "prosecution of a routine motion," he has provided no support for his position that the fees are excessive.

Addressing the same issue raised by Badovick in opposition to the fee statement of debtors' counsel, the bankruptcy court reviewed the fee statement and stated:

> [C]ounsel expended 41.7 hours of time at the hourly rate of $300.00 ($12,510.00) and incurred expenses of $675.86 representing the debtors. Mr. Badovick objects that this is an unreasonable amount of time given the routine nature of the services which counsel

performed. This time was spent reviewing and responding to the second state court lawsuit, reopening the chapter 7 case, removing the pending state court lawsuit, and prosecuting the contempt proceedings, all services which clearly relate to Mr. Badovick's violation of the discharge injunction and the debtors' efforts to obtain his compliance. Although these matters were not particularly complex, the services were necessary given Mr. Badovick's persistence in pursuing the state court litigation, his opposition to the motion to reopen, his opposition to the debtors' request for a show cause order, and his position that the dispute be resolved through an evidentiary hearing. *See McMahan & Co. v. Po Folks, Inc.,* 206 F.3d 627, 634 (6th Cir. 2000) (noting that an award of significant attorney fees as a sanction for contempt was warranted where the contemnor's conduct make the undertaking "arduous").

(Memorandum of Opinion, March 21, 2010, Docket # 137 at 2.) The bankruptcy court also deducted $720.00 in fees which it found were not directly related to the debtors, but rather to non-debtors Dr. Lantsberg and FGAG.

The bankruptcy court carefully considered the fee statement before determining the amount of attorney fees to be imposed as sanctions. We find no abuse of discretion in the court's awarding of the debtors' actual attorney fees incurred as a sanction against Badovick for his violation of the debtors' discharge injunction.

## V.   CONCLUSION

For the foregoing reasons, the order of the bankruptcy court is AFFIRMED.