In re Larry Robert FOSTER, Debtor.

Larry Robert Foster, Appellant,

v.

Double R Ranch Association, Appellee.

BAP No. WW–09–1377–JuHRu.
Bankruptcy No. 08–15310.
Adversary No. 08–01150.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on May 21, 2010.

Decided July 19, 2010.

Cawood King Bebout, Law Office of Ca-wood K. Bebout, Mount Vernon, WA, for Larry Robert Foster.

Bryan L. Page, Zender Thurston, P.S., Bellingham, WA, for Double R Ranch Association.

Before: JURY, HOLLOWELL, and RUSSELL[1], Bankruptcy Judges.

---

## OPINION

JURY, Bankruptcy Judge.

Debtor Larry Robert Foster filed an adversary proceeding against Double R Ranch Association (the "Association") seeking a declaration that postpetition homeowners' association ("HOA") dues he owed to the Association were debts dischargeable under § 1328(a).[2] The Association moved for summary judgment, which the bankruptcy court granted by order entered November 12, 2009. Debtor timely appealed the order.

Debtor asserts the bankruptcy court erred in its ruling because the postpetition HOA dues arose out of a prepetition contract and, therefore, any assessments made after the order for relief constitute prepetition debts that fall within the scope of § 1328(a).

We disagree. Under Washington law, the affirmative covenant to pay HOA dues is not contractual, but is a covenant running with the land. As such, debtor's personal liability for the dues is an incidence of ownership of his property not affected by the filing of his bankruptcy. Accordingly, we AFFIRM.

## I. FACTS

The facts are undisputed. In 2005, debtor purchased real property located on Crocket Road, Blaine, Washington. The real property was subject to an Amended and Restated Declaration of Covenants (the "Declaration") providing for the creation of the Association, a Washington non-profit corporation and homeowners' association existing under WASH. REV.CODE

---

1. Hon. David E. Russell, Bankruptcy Judge for the Eastern District of California, sitting by designation.

2. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

("RCW") § 64.38.005–.060 (2010). In August 2000, the Association recorded the Declaration against debtor's lot and others located within Double R Ranch.

The Declaration provided that the Association could charge each lot owner annual dues and that each owner was personally liable for the assessments. Debtor failed to pay HOA dues for several years prior to his bankruptcy filing.

On August 20, 2008, debtor filed a Chapter 13 petition. Debtor listed his residence in Schedule A and listed the Association as an unsecured creditor holding a claim of $1,131.11 in Schedule F.

On September 4, 2008, debtor filed a proposed plan which did not provide for payment to the Association for either pre or postpetition HOA dues.

On October 2, 2008, the Association filed a proof of claim, asserting a secured claim for $1,265.33 based on prepetition arrears for HOA dues. Attached to the proof of claim was an itemized statement of the dues, late charges, interest and legal fees. Also attached was a "Notice of Lien for Unpaid Assessments" for $1,888.40 dated May 31, 2007, and recorded by the Whatcom County Auditor that same day as Document Number 2070505184. The Notice of Lien erroneously recited that the Association had a lien under RCW § 64.34.364, which provides that unpaid assessments become a lien on an individual's condominium unit under the Washington Condominium Act.[3] The Association is not a condominium association, but a homeowners' association created and governed by RCW § 64.38.005–.060.

On April 2, 2009, the Association objected to the confirmation of debtor's plan on the ground that it did not include any payments for past-due sums or his future HOA dues.

On April 6, 2009, debtor filed two pleadings with hearings scheduled for May 13, 2009. Debtor filed an objection to the Association's claim, contending that it was unsecured and any amounts arising before the order for relief were dischargeable under § 1328(a). Debtor also maintained that Washington law did not provide a statutory lien for common expenses and other obligations owed to homeowners' associations. In response, the Association argued that its lien was not based on statute, but on language contained in the Declaration.

Debtor also filed a motion to avoid the Association's lien on the ground that it constituted a "judicial lien" subject to avoidance. The Association, in opposition, asserted that its lien was not a "judicial lien", but one arising out of the Declaration.

In addition, on April 6, 2009, debtor filed the adversary complaint against the Association which is at issue in this appeal.

On May 5, 2009, the Association filed a notice and motion for summary judgment in the adversary proceeding. The notice gave debtor until May 6, 2009 to file a response and set a hearing for May 13, 2009. Debtor filed a response on May 11, 2009, requesting a continuance until June 10, 2009 to give him additional time to respond to the motion.

On May 13, 2009, the bankruptcy court heard oral argument on all three matters. The court ruled in favor of the Association, finding that it had a secured claim under the Declaration for dues levied both before and after debtor's bankruptcy petition and that postpetition HOA dues owed by debt-

---

**3.** RCW 64.34.364 provides condominium associations with a statutory lien and states in relevant part:

(1) The association has a lien on a unit for any unpaid assessments levied against a unit from the time the assessment is due.

or to the Association were not dischargeable under § 1328(a).[4] The court granted summary judgment in favor of the Association and dismissed debtor's adversary proceeding.

On December 2, 2009, debtor filed an amended plan. On March 1, 2010, the bankruptcy court confirmed debtor's amended Chapter 13 plan. Debtor's plan provided for the cure of prepetition HOA dues in the event we affirm the bankruptcy court's ruling that the Association held a secured claim. Otherwise, debtor's plan provided for 0% to unsecured creditors. The plan also stated:

> Debtor has objected to the claim of Double R Ranch Association for prepetition homeowners association fees, and has filed an adversary proceeding to determine the dischargeability of the homeowners [sic] association right to collect fees postpetition. The bankruptcy court has dismissed debtor's objection and adversary proceeding, and debtor has appealed the bankruptcy court's rulings on debtor's claim objection and adversary proceeding. Debtor presents this amended plan to obtain a confirmable plan without waiving any rights to contest the court's rulings on any of the foregoing matters.

## II. JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. § 1334 over this core proceeding under § 157(b)(2)(I). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUES

A. Whether the bankruptcy court abused its discretion when it heard the Association's motion for summary judgment on shortened time; and

4. Debtor also appealed the court's ruling that the Association held a secured claim, which we affirm in a separate memorandum. *See*

B. Whether the bankruptcy court erred as a matter of law in concluding that HOA dues assessed and owed after the order for relief were not dischargeable as long as debtor continued to reside on the property.

## IV. STANDARDS OF REVIEW

■ We review the bankruptcy court's decision to shorten the notice period on a motion for summary judgment for an abuse of discretion. *Nunez v. Nunez (In re Nunez)*, 196 B.R. 150, 155 (9th Cir. BAP 1996) (noting that court's decision not to lengthen time under Rule 9006 is reviewed for an abuse of discretion). We follow a two-part test to determine objectively whether the bankruptcy court abused its discretion. *United States v. Hinkson*, 585 F.3d 1247, 1261–62 (9th Cir. 2009). First, we "determine de novo whether the bankruptcy court identified the correct legal rule to apply to the relief requested." *Id.* Second, we examine the bankruptcy court's factual findings under the clearly erroneous standard. *Id.* at 1262 & n. 20. We must affirm the court's factual findings unless those findings are "(1) 'illogical,' (2) 'implausible,' or (3) without 'support in inferences that may be drawn from the facts in the record.'" *Id.* If we determine that the court erred under either part of the test, we must reverse for an abuse of discretion. *Id.*

■ We review the bankruptcy court's decision to grant a motion for summary judgment de novo. *Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)*, 504 F.3d 775, 783 (9th Cir.2007).

■ We review issues of statutory construction and conclusions of law de novo.

*Foster v. Double R Ranch Ass'n (In re Foster)*, BAP No. 10–1379.

*Mendez v. Salven (In re Mendez)*, 367 B.R. 109, 113 (9th Cir. BAP 2007).

## V. DISCUSSION

### A. Preliminary Issue

■ Before turning to the merits, we address whether the bankruptcy court's summary judgment ruling in favor of the Association constitutes reversible error when debtor did not receive ten days to respond to the Association's motion as required by Fed.R.Civ.P. 56(c) and the court did not follow its own local rule. The Association served its motion on May 3, 2009. Debtor requested a continuance in writing on May 11, 2009, and then again orally at the hearing held on May 13, 2009, which the court implicitly denied by ruling on the motion.

When the Association filed its motion for summary judgment, the version of Fed. R.Civ.P. 56(c)[5] in place at the time provided that "[t]he motion must be served at least 10 days before the day set for the hearing." The bankruptcy court's Local Bankruptcy Rule 9013–1(d)(2)(D) lengthened the time to twenty-four days.

The court did not articulate the rule for shortening time on the Association's motion, but we surmise the court acted under Rule 9006(c)(1). That rule allows the bankruptcy court, in the exercise of discretion, to shorten the length of time required or allowed for any act "with or without motion or notice". Rule 9006(c)(1).

The bankruptcy court noted that the Association's motion for summary judgment, debtor's motion to avoid the Association's lien, debtor's objection to the Association's proof of claim and the Association's objection to confirmation of debtor's Chapter 13 plan were "all connected one way or the other." Accordingly, the bankruptcy court had discretion to determine whether, in the interest of convenience and judicial economy, consolidation of the Association's motion for summary judgment with the other matters scheduled for May 13, 2009 was appropriate on shortened time.

Our review of the record shows that the issues raised in debtor's adversary complaint were intertwined with the issues the parties raised in the other matters scheduled for May 13, 2009. All matters involved debtor's liability for payment of the HOA dues, arose from a common nucleus of facts and contained some similar and related issues. We recognize, however, that considerations of convenience and economy must yield if there is a risk of prejudice.

Although debtor complains that he did not have the opportunity to develop any facts, or present a response, he fails to indicate what other evidence or argument he might have raised had the court given him additional time to respond. Moreover, the issues debtor advanced in his adversary complaint were fully developed in the pleadings filed in connection with the other scheduled matters and at oral argument.[6] *See Maitland v. Mitchell (In re Harris Pine Mills)*, 44 F.3d 1431, 1439–40 (9th Cir.1995) (noting that a court may "grant summary judgment without notice if the losing party has had a full and fair opportunity to ventilate the issues involved in the motion."). Under these circumstances, we conclude no prejudice occurred. 10A Charles A. Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and*

---

5. Fed.R.Civ.P. 56(c) is made applicable to cases under the Bankruptcy Code pursuant to Rule 7056.

6. We note in particular, that neither at the trial court nor in this appeal has debtor asserted there are any material disputed facts or that the undisputed facts need further development.

*Procedure* § 2719 (3d ed. 1998) ("[I]f the motion is served less than ten days before the hearing but no prejudice appears to have occurred, proceeding with the summary-judgment motion still may be proper."). Thus, the bankruptcy court did not abuse its discretion when it heard the Association's motion for summary judgment on shortened time. We point out, however, that if error occurred, it was harmless. *Rosson v. Fitzgerald (In re Rosson)*, 545 F.3d 764, 776 (9th Cir.2008).

## B. The Merits

In our de novo review we engage in the same analysis as the bankruptcy court when considering a motion for summary judgment. Under the familiar summary judgment standards, we must determine whether the pleadings and the evidence show that there is no genuine issue of any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c)(2). Here, our review of the record shows the issue concerning whether the postpetition HOA dues constitute dischargeable debts under § 1328(a) is purely one of law; no factual dispute exists.

Debtor argues that the bankruptcy court erred in granting summary judgment in favor of the Association for two reasons: (1) the discharge exception under § 523(a)(16) governing postpetition HOA dues is inapplicable to § 1328(a); and, (2) the postpetition HOA dues arose out of a prepetition contract with the Association and are thus prepetition debts which are dischargeable under the holding in *In re Rosteck*, 899 F.2d 694 (7th Cir.1990).[7]

In contrast, relying on the holding in *River Place E. Hous. Corp. v. Rosenfeld (In re Rosenfeld)*, 23 F.3d 833 (4th Cir. 1994), the Association argues that the covenant governing the assessments runs with the land under Washington law and, therefore, debtor's liability for the postpetition HOA dues cannot be separated from his ownership of the property.[8] Alternatively, the Association asserts that the postpetition assessments lack the required finiteness to be considered a dischargeable prepetition claim under the rationale in *Beeter v. Tri–City Prop. Mgm't Servs., Inc. (In re Beeter)*, 173 B.R. 108, 123 (Bankr. W.D.Tex.1994) (noting that amount of future assessments for common area maintenance such as roof repair are speculative since total cost, time, or repair is not readily ascertainable).

Initially, we observe that the parties agree that § 523(a)(16) is inapplicable to

---

7. In *Rosteck,* after moving out of their condominium, debtors filed chapter 7 and obtained their discharge. *Rosteck,* 899 F.2d at 695. After their bankruptcy case closed, the condominium association obtained a deficiency judgment against them for postpetition assessments. 899 F.2d at 695. The Seventh Circuit found the assessments were discharged, holding that under the broad definitions of "claim" and "debt", the debtors had a debt for future condominium assessments when they filed their petition. *Id.* at 696. The court reasoned that the condominium declaration was a contract, and that by entering into that contract, the debtors agreed to pay the association any assessments it might levy. *Id.* The court concluded that the future assessments, although contingent, were prepetition

debts that arose under the prepetition contract and were dischargeable. *Id.* at 696–97.

8. In *Rosenfeld,* the debtor acquired shares in a housing cooperative association, but never occupied his apartment or rented it. *Rosenfeld,* 23 F.3d at 835. The Fourth Circuit held that based on the underlying documents and state law, the Chapter 7 debtor's obligation to pay assessments postpetition arose from his continued ownership of the property postpetition, not from a prepetition contractual obligation. *Id.* at 837. The court observed that in order to terminate his responsibility for the assessments, the debtor "must transfer title to the property, if necessary by a deed in lieu of foreclosure." *Id.* at 838.

the discharge under § 1328(a). What separates the parties is the other question: Is debtor's obligation to pay HOA dues after the order for relief an affirmative covenant that runs with the land, unaffected by debtor's discharge, or did it arise from a contractual obligation between the parties, making it a dischargeable prepetition debt?

### 1. Section 523(a)(16) Is Inapplicable To The Discharge Under § 1328(a) and Vice Versa

■ *Rosteck* and *Rosenfeld* were decided in the context of a chapter 7 discharge under § 727. Notably, neither debtor occupied the underlying property nor collected rent from it after their bankruptcy filing, but each continued to hold legal title. The confusion in the case law created by *Rosteck* and *Rosenfeld* and their progeny prompted Congress to amend § 523(a) in 1994, creating an exception to discharge for debts arising from unpaid postpetition HOA dues when a debtor physically occupied a dwelling unit or collected rent from it.[9] However, the scope of the amended statute continued to create problems since it failed to mention homeowners' associations. *See Old Bridge Estates Cmty. Ass'n, Inc. v. Lozada (In re Lozada)*, 214 B.R. 558, 563 (Bankr.E.D.Va. 1997) *aff'd* 176 F.3d 475 (4th Cir.1999). In 2005, § 523(a)(16) was amended again to provide:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a unit that has condominium ownership, in a share of a cooperative corporation, or a lot in a homeowners association, for as long as the debtor or the trustee has a legal, equitable, or possessory ownership interest in such unit, such corporation, or such lot, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case[.]

The "does not discharge" language in the statute plainly shows that § 523(a)(16) is inapplicable on its face to this case since debtor does not seek a discharge under any of the enumerated sections listed under subsection (a).

Nor does § 1328(a) mention § 523(a)(16) as an exception to discharge under Chapter 13. *In re Danastorg*, 382 B.R. 585, 588 (Bankr.D.Mass.2008). Section 1328(a) provides in relevant part:

(a) .... [T]he court shall grant the debtor a discharge of all debts provided

---

**9.** In 1994, § 523(a)(16) read: A discharge ... does not discharge an individual debtor from any debt—
(16) for a fee or assessment that becomes due and payable after the order for relief to a membership association with respect to the debtor's interest in a dwelling unit that has condominium ownership or in a share of a cooperative housing corporation, but only if such fee or assessment is payable for a period during which—
(A) the debtor physically occupied a dwelling unit in the condominium or cooperative project; or

(B) the debtor rented the dwelling unit to a tenant and received payments from the tenant for such period, but nothing in this paragraph shall except from discharge the debt of a debtor for a membership association fee or assessment for a period arising before entry of the order for relief in a pending or subsequent bankruptcy case.
§ 523, ¶ 16, 103 Pub.L. No. 103–394, § 309, 108 Stat. 4106, § 4137 (Oct. 22, 1994) (current version at 11 U.S.C. § 523, ¶ 16 (2010)).

for by the plan or disallowed under section 502 of this title, except any debt—

. . . .

(2) of the kind specified in section 507(a)(8)(C) or in paragraph (1)(B), (1)(C), (2), (3), (4), (5), (8), or (9) of section 523(a). . . .

§ 1328(a). We recognize that the discharge provision under chapter 13 is broader than that in chapter 7. However, we doubt the omission of § 1328(a) in § 523(a)(16) or vice versa evinces a legislative intent to discharge postpetition HOA dues under § 1328(a) when the debtor uses the cure and maintenance provisions under chapter 13 to stay in his or her property after the order for relief.[10] *See Danastorg,* 382 B.R. at 588 (noting that chapter 13 debtors have an ongoing duty to pay postpetition obligations, such as utilities and condominium fees as they come due).

Whether the omission of § 1328(a) in § 523(a)(16) or vice versa is a statutory misstep is a question we need not answer. Suffice to say, on the facts before us, there is no statutory default rule regarding an exception to discharge for postpetition HOA dues.

We are unpersuaded by debtor's argument that § 523(a)(16) establishes generally that postpetition HOA dues constitute "claims" or "debts" which can be discharged. Debtor's argument is conclusory because (a) the statute is inapplicable on its face and (b) state law governs the substance of claims. *See Butner v. United States,* 440 U.S. 48, 57, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979); *see also Affeldt v. Westbrooke Condo. Ass'n (In re Affeldt),* 60 F.3d 1292, 1296 (8th Cir.1995) (the determinative factor in deciding whether *Rosteck* or *Rosenfeld* applies is whether the declaration of covenants and restrictions is a contract or constitutes a running covenant under state law). Accordingly, we revisit the *Rosteck* and *Rosenfeld* era.

In doing so, our challenge is to harmonize the policy behind the discharge exception in § 523(a)(16) of protecting homeowners' associations with the policy under Chapter 13 that supports home ownership. *Food and Drug Admin. v. Brown & Williamson Tobacco Corp.,* 529 U.S. 120, 133, 120 S.Ct. 1291, 146 L.Ed.2d 121 (2000) (noting that a court must interpret a statute " 'as a symmetrical and coherent regulatory scheme' and 'fit, if possible, all parts into an harmonious whole.' ") (citations omitted).

### 2. The Affirmative Covenant To Pay HOA Dues Is One That Runs With The Land Under Washington Law

Under Washington law, the Declaration is not a contract, but "a document

---

**10.** Along these lines, assuming debtor does not seek a hardship discharge in the future and he obtains his discharge under § 1328(a), the court in *In re Harvey,* 88 B.R. 860, 862–63 (Bankr.N.D.Ill.1988) held that a debtor's postpetition HOA dues would be excepted from discharge under a contract analysis. The court relied on § 1322(b)(5) for its holding. *Id.* Section 1322(b)(5) "allows a debtor to maintain contract payments on long-term debt, whether secured or unsecured, while curing any arrearage that might exist through a chapter 13 plan." *Labib–Kiyarash v. McDonald (In re Labib–Kiyarash),* 271 B.R. 189, 193 (9th Cir. BAP 2001). While this feature affords chapter 13 debtors a cure mechanism, it does not provide a discharge mechanism since long-term debts "provided for" in a Chapter 13 debtor's plan are excepted from the discharge under § 1328(a)(1). Here, debtor has "provided for" the Association's prepetition claim for HOA dues in his confirmed plan thereby bifurcating his liability to the Association into pre and postpetition debt. Accordingly, if debtor continues to reside in the property after completing his plan, debtor's obligation to pay postpetition HOA dues may properly be considered long-term debt falling within the scope of § 1322(b)(5) and would be excepted from the discharge under § 1328(a)(1).

that unilaterally creates a type of real property." *Bellevue Pac. Ctr. Condo. Owners Ass'n v. Bellevue Pac. Tower Condo. Ass'n*, 124 Wash.App. 178, 100 P.3d 832, 836 (2004); *see* William B. Stoebuck & John W. Weaver, 17 *Wash. Practice, Real Estate* § 3.2 (2d ed. 2009) (stating that the majority view is that running covenants are interests in land). The following excerpt underscores the distinction between ordinary contracts and "running covenants" and provides insight to the reasons for different rules governing contracts and "running covenants":

> Enforcement between the original parties is a matter of the law of contract.... But the doctrine with which we are concerned here is the doctrine, generally regarded as part of the law of real property, under which the covenant by the original parties may be enforced by or against persons who succeed to interests they held in the burdened or benefitted land. The doctrine of 'running' is analogous to the contract doctrines of assignment of rights and delegation of duties; it is a doctrine whereby remote parties are bound or benefitted by contractual covenants made by the original parties. However, while a party must consensually undertake assignment or delegation, the law of running covenants imposes a duty or confers a benefit upon remote parties, not because they consensually agree, but because the covenant bore a certain relationship to

parcels of land and because they stepped into a certain relationship with the same parcels. The essence of the law of running covenants has to do with what these relationships must be for the remote parties to be bound or benefitted. *Deep Water Brewing, LLC v. Fairway Res. Ltd.*, 152 Wash.App. 229, 215 P.3d 990, 1006 (2009) (quoting 17 William B. Stoebuck & John W. Weaver, *Wash. Practice, Real Estate* § 3.2, at 126 (2d ed. 2004)).

Washington courts have held that the affirmative covenant to pay HOA dues is a running covenant that is binding on subsequent grantees.[11] *Lake Limerick Country Club v. Hunt Mfg. Homes, Inc.*, 120 Wash.App. 246, 84 P.3d 295, 301 (2004) *citing Rodruck v. Sand Point Maint. Comm'n*, 48 Wash.2d 565, 295 P.2d 714 (1956). Further, the Declaration itself states that the covenants "shall be binding upon all real property within the Ranch and upon each Lot or parcel therein, and upon their respective Owners and their ... successors and assigns, through all successive transfer of a Lot or of any other part of the Property."

Therefore, under Washington law and the Declaration, debtor's obligation to pay the HOA dues was a function of owning the land with which the covenant runs and not from a prepetition contractual obligation. As such, the holding in *Rosenfeld* is persuasive. It follows that debtor's lia-

11. Under Washington law, the elements of a running real covenant are:
> (1) the covenants must have been enforceable between the original parties, such enforceability being a question of contract law except insofar as the covenant must satisfy the statute of frauds; (2) the covenant must "touch and concern" both the land to be benefitted and the land to be burdened; (3) the covenanting parties must have intended to bind their successors in interest; (4) there must be vertical privity of estate, i.e.,

> privity between the original parties to the covenant and the present disputants; and (5) there must be horizontal privity of estate, or privity between the original parties. *Leighton v. Leonard*, 22 Wash.App. 136, 589 P.2d 279 (1978) (citing William B. Stoebuck, *Running Covenants: An Analytical Primer*, 52 Wash. L.Rev. 861 (1977)). Debtor has not argued that any of these elements have not been met and there is no evidence in the record to the contrary.

bility is "not 'rooted in the pre-bankruptcy past', but rather [is] rooted in the estate in property itself." *Beeter*, 173 B.R. at 122.

The *Rosenfeld* approach is also consistent with the RESTATEMENT (THIRD) OF PROPERTY: SERVITUDES § 7.9 (2000) which states:

No servitude, other than a covenant to pay money that is not imposed as part of a general plan of development, conservation servitude, or easement arrangement, is extinguishable in a bankruptcy proceeding, unless otherwise required by statute.

 Finally, we would be remiss if we ignored the distinction between the treatment of property rights and contract rights under the Bankruptcy Code. While a debtor's personal obligation under a contract may be discharged in most instances, "bankruptcy power is subject to the Fifth Amendment's prohibition against taking private property without compensation." *In re Rivera*, 256 B.R. 828, 834 (Bankr. M.D.Fla.2000) (quoting *United States v. Sec. Indus. Bank*, 459 U.S. 70, 75, 103 S.Ct. 407, 74 L.Ed.2d 235 (1982)). "A homeowners' association's right to impose postpetition assessments pursuant to a recorded Declaration of Covenants and Restrictions is within the scope of the traditional property interests protected by the Fifth Amendment." *Rivera*, 256 B.R. at 834.

Although § 101(5)(A) defines a "claim" as a "right to payment", "[t]he key to distinguishing a right to payment that is or is not subject to ... discharge is simply whether the right to payment is based on a property interest or something else." *Id.* at 833. Since Washington law does not view the Declaration as a contract (or "something else") and the affirmative covenant to pay HOA dues is one that runs with the land, it follows that the Association's right to payment of unassessed post-petition HOA dues is based on a property interest not subject to discharge under § 1328(a). The *Rivera* court explained the reason for this rule:

A covenant running with the land, including any express provision for the debtor to be personally obligated to pay the homeowners' association, is an integral part of the property which the debtor acquired when the debtor acquired title to the property. The debtor never had title clear of the previously recorded covenant running with the land. Even though a mortgage and deed may be executed simultaneously, they are separate transactions. The debtor's acceptance of a deed and the corresponding recorded covenants, however, is one single and inseparable transaction. Therefore, to release the debtor from a recorded covenant is to take a property interest away from the homeowners' association and give the debtor a property interest which the debtor never had in the first place. Any release from a covenant would in effect be a forced conveyance of a property interest from the homeowners' association to the debtor, something clearly beyond the scope of the Chapter 7 discharge.

*Rivera*, 256 B.R. at 833–34.

Accordingly, we hold that, as a matter of law, debtor's personal liability for HOA dues continues postpetition as long as he maintains his legal, equitable or possessory interest in the property and is unaffected by his discharge. In essence, the "running" covenant rule in this case boils down to one of "you stay, you pay" since debtor's confirmed plan indicates he will stay in his home by curing his prepetition default on his mortgage and maintain on-going payments through his confirmed Chapter 13 plan.

Finally, we observe that Congress' linking of the nondischargeable nature of HOA dues assessed after the order for relief with a debtor's continued interest in real property under § 523(a)(16) is consistent with the case law that holds the affirmative covenant to pay HOA dues is one that runs with the land. *See Rosenfeld*, 23 F.3d at 837–38 (noting that the debtor "must transfer title to the property, if necessary by a deed in lieu of foreclosure" in order to terminate liability for HOA assessments); *Beeter*, 173 B.R. at 122 (noting that debtor's liability for the assessments was an incident of ownership, and only termination of that ownership can bring an end to the ongoing liability).

The Association also relies on *Beeter* for the proposition that postpetition assessments lack the required finiteness to be considered a dischargeable claim under the Bankruptcy Code's broad definition of a claim under § 101(5)(A). *Beeter*, 173 B.R. at 123. Having concluded that the nature of debtor's obligation arises from a covenant that runs with the land and is a nondischargeable property interest, it is unnecessary to reach this additional argument.

## C. Attorneys' Fees on Appeal

■ The Association seeks an award of attorneys' fees if it prevails in this appeal. Article 4.10 of the Declaration provides in relevant part:

The Association shall be entitled to recover any costs and reasonable attorneys' fees incurred in connection with the collection of delinquent Assessments, whether or not such collection activities result in suit being commenced or prosecuted to judgment. *In addition, the Association shall be entitled to recover costs and reasonable attorneys' fees if it prevails on appeal and in the enforcement of a judgment.* In any other proceeding arising out of an alleged default by an Owner, the prevailing party shall be entitled to recover the costs of the proceeding, and such reasonable attorney's [sic] fees as may be determined by the court. . . . (Emphasis added).

"[A]n otherwise enforceable contract allocating attorney's fees (i.e., one that is enforceable under substantive, nonbankruptcy law) is allowable in bankruptcy except where the Bankruptcy Code provides otherwise." *Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co.*, 549 U.S. 443, 448, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

It is undisputed that Article 4.10 of the Declaration is binding on debtor and enforceable under Washington law. Debtor argues, however, that the subject matter of the present appeal does not fall within its scope.

■ Washington courts interpret covenants like contracts, *see Hollis v. Garwall, Inc.*, 137 Wash.2d 683, 974 P.2d 836, 843 (1999), and "interpret clear and unambiguous terms" contained in a contract "as a question of law." *Wm. Dickson Co. v. Pierce County*, 128 Wash.App. 488, 116 P.3d 409, 413 (2005) (citing *Paradise Orchards Gen. P'ship v. Fearing*, 122 Wash. App. 507, 94 P.3d 372 (2004)). Ambiguous terms are those fairly susceptible to different reasonable interpretations. *Wm. Dickson*, 116 P.3d at 413. "But a contract is not ambiguous simply because the parties suggest opposing meanings." *Id.*

■ We do not perceive Article 4.10 as being ambiguous. The first sentence of Article 4.10 pertains to the Association's right to recover costs and reasonable attorneys' fees incurred in connection with the collection of delinquent Assessments, whether or not such collection activities result in suit being commenced or prosecuted to judgment. A fair reading of the second sentence of the provision is that if

there is a suit commenced in connection with the collection of delinquent Assessments which is prosecuted to judgment and followed by an appeal, the Association would be entitled to recover costs and reasonable attorneys' fees if it prevailed. However, this appeal did not involve the collection of delinquent Assessments because debtor's postpetition HOA dues had not yet been assessed. *See* Robert L. Rossi, *Attorneys' Fees* § 9:11 (3d ed. 2009) (noting that fee-shifting provisions in contracts are generally strictly construed). Accordingly, we agree with debtor that the plain language of Article 4.10 does not support an award of attorneys' fees.

## VI. CONCLUSION

For these reasons, we AFFIRM. The Association's request for attorneys' fees on appeal is DENIED.