**In re Shawn BURGUENO, Debtor.**

No. 2:09–bk–10375–RJH.

United States Bankruptcy Court,
D. Arizona.

May 26, 2011.

D. Lamar Hawkins, Aiken Schenk Hawkins & Ricciardi PC, Phoenix, AZ, for Debtor.

OPINION AND ORDER DENYING DISCHARGE OF POST PETITION HOA FEES AND ATTORNEYS' FEES

RANDOLPH J. HAINES, Bankruptcy Judge.

The issue here is whether an individual debtor remains liable for post-petition homeowner association assessments and

attorneys' fees even though he does not occupy the property and stipulated to stay relief so the lender could foreclose. Because stay relief does not transfer legal title, the Court concludes the post-petition homeowner association ("HOA") fees, and the legal fees incurred in litigating them, are nondischargeable pursuant to Code § 523(a)(16).[1]

## Background Facts

Debtor Shawn Burgueno is an individual employed as a loan officer with a mortgage company. When he filed this Chapter 11 case two years ago, he also owned his home, a vacant lot and five single-family residential properties. According to his schedules, all of the investment properties were worth less than the debts secured by them. One of the Debtor's investment properties was a condominium located in Scottsdale. It was subject to homeowner association or condominium assessments by two homeowner or condominium associations, the Edge at Grayhawk Condominium Association and the Grayhawk Community Association.

In February, 2010, the Debtor stipulated for stay relief with Wells Fargo Bank so that it could immediately foreclose on the condominium. The stipulation provided: "The automatic stay of § 362 shall be immediately terminated as to the Bank regarding its interest in the Property, with a waiver of the 14–day stay of Bankruptcy Rule 4001(a)(3)." [2] The stipulation was approved by the Court on March 8, 2010.[3]

The Debtor's plan was confirmed in August, 2010.[4] The order confirming the plan expressly incorporated the stipulation with Wells Fargo "for treatment of its claim regarding" the Scottsdale condominium.

At least until early April of 2011, however, Wells Fargo did not conduct a foreclosure or trustee sale of the condominium. During that time, the two HOAs sought to collect post-petition HOA fees from the Debtor. In April, Debtor filed motions seeking orders determining that the HOAs were bound by the confirmed plan and therefore limited to their allowed pre-petition claims. The HOAs responded, maintaining that the confirmed plan did not, and could not, discharge their post-petition assessments for so long as the Debtor held legal title to the condominium, and that neither the stipulated stay relief nor the confirmation of the plan terminated the Debtor's legal title.

By April, 2011, the combined total of the post-petition HOA fees was approximately $8,000.

## Analysis

Because this individual Chapter 11 Debtor has not yet received his discharge,[5]

1. Except as otherwise indicated, all chapter, section and rule references are to the United States Bankruptcy Code, 11 U.S.C. §§ 101–1532, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9037.

2. See, Stipulation for Adequate Protection and Claim Treatment (Wells Fargo), at 2 (filed and entered on Bankr. Docket on February 16, 2010 at # 154).

3. See, Order Granting Stipulation for Adequate Protection and Claim Treatment (Wells Fargo) (filed March 8, 2010 and entered on Bankr. Docket on March 9, 2010 at # 170).

4. See, Order Confirming Plan (filed August 31, 2010 and entered on Bankr. Docket on September 1, 2010 at # 231).

5. In general, Code § 1141(d)(5)(A) provides that an individual Chapter 11 debtor does not receive a discharge until "completion of all payments under the plan." An earlier discharge may be granted pursuant to § 1141(d)(5)(B) once the property distributed under the plan equals the amount that would have been paid on liquidation under Chapter 7 and if modification is not practicable, but it is unclear whether this also requires a showing of cause or hardship as does the similar

the issue of whether these post-petition HOA fees are dischargeable notwithstanding Code § 523(a)(16) may technically not yet be ripe for decision. Nonetheless, § 523(a)(16) does control the issue of whether the only claims that the HOAs could assert are the pre-petition claims whose treatment is governed by the plan.

What the plain language of § 523(a)(16) does appear to establish for this individual Debtor's Chapter 11 case is that the nondischargeable personal liability for HOA fees continues post-petition for so long as the debtor or trustee has *either* a legal interest, an equitable interest, or a possessory ownership interest in the property. As explained by the Ninth Circuit BAP's opinion in *Foster*,[6] the § 523(a)(16) exception to discharge originally applied only when the debtor occupied the property, but the 2005 BAPCPA amendment expanded the exception so that it applies regardless of possession so long as the debtor or trustee retains a legal or equitable ownership interest.

No language in that section or in § 1141 suggests that post-petition liability is terminated either by stay relief or by confirmation of a plan. Of course the post-petition, pre-confirmation fees are also administrative expenses that should be governed by the plan because § 1129(a)(9)(A) requires that they be paid in full on the effective date. But here that plan treatment does not apply because the HOAs neither filed a proof of claim nor an application for allowance of administrative expense. And if for whatever reason the estate does not actually pay such administrative claims in full on the effective date, Code § 1141(d)(2) makes clear that individual Chapter 11 debtors are not discharged from any debts that are excepted from discharge under § 523.

Of course if the plan expressly stated that it discharged all such post-petition HOA fees and the HOA failed to object at confirmation despite adequate notice, that plan provision and express discharge would be *res judicata* and binding on the HOA pursuant to Code § 1141(a) and the Supreme Court's opinion in *Espinosa*.[7] But this plan did not do so, and Chapter 11 debtors and their attorneys should take heed of the Supreme Court's warning that the "specter" of Rule 11 penalties "should deter bad-faith attempts to discharge" otherwise nondischargeable debts by such an attempted ambush.[8]

The problem here is that the bank failed to foreclose for over a year after it obtained stay relief to do so. Judging from the recently reported decisions, this is a problem occurring with increasing frequency.[9]

---

provision in § 1328(b)(1). *See, e.g., In re Necaise,* 443 B.R. 483 (Bankr.S.D.Miss.2010) (citing cases).

6. *Foster v. Double R Ranch, Ass'n (In re Foster),* 435 B.R. 650, 658 (9th Cir.BAP2010). *Foster's* analysis of a covenant running with the land may provide a basis for nondischargeability in this case wholly independent of § 523(a)(16), but none of the parties has argued it.

7. *United Student Aid Funds, Inc. v. Espinosa,* —— U.S. ——, 130 S.Ct. 1367, 176 L.Ed.2d 158 (2010) (absent creditor objection and appeal, confirmation of plan that purports to discharge student loan without adversary proceeding or determination of undue hardship is *res judicata* even though it violates §§ 523(a)(8) and 1328(a)(2) and should not have been confirmed).

8. *Id.* at 1382; *see also In re Webber,* 251 B.R. 554, 557–58 (Bankr.D.Ariz.2000).

9. *E.g., In re Ames,* 2011 WL 1457750 (Bankr. D.Mass. April 15, 2011); *In re Brown,* 2011 WL 1322311 (Bankr.D.N.J. April 6, 2011); *In re Heck,* 2011 WL 133015 (Bankr.N.D.Cal. Jan.13, 2011) (court lacks subject matter jurisdiction to reopen a closed chapter 7 case to require Chase Bank to foreclose).

While the stay relief order may have effectively signaled the Debtor's "surrender" of possession of the property, that termination of the possessory interest does not terminate the Debtor's liability under § 523(a)(16) as long as the Debtor remains in title. The Court must agree with the recent decision of the Massachusetts Bankruptcy Court that such surrender "does not alter [the debtor's] status as the title holder of the unit and thus postpetition condominium fees and assessments arising while he remains the record owner of the unit are not dischargeable under § 523(a)(16)." [10]

■ Thus to terminate the Debtor's post-petition liability for HOA fees, the Debtor would have to quit claim [11] the property to either the bank or to the HOA. Because this would be an out-of-the-ordinary course of business transaction for a Chapter 11 debtor in possession, it would require a motion, notice, hearing, and court order pursuant to Code § 363(b)(1). Alternatively, the Debtor's plan could presumably transfer title of the property to the bank pursuant to Code § 1123(a)(5)(B). But until there is such a transfer of legal title, the Debtor's post-petition, nondischargeable liability under § 523(a)(16) continues until the bank forecloses.

■ At oral argument on Debtor's motion to deem the HOA claims controlled by the confirmed plan, the objecting HOAs also sought attorneys' fees. Because that issue had not been addressed by the parties' memoranda, the Court requested supplemental briefing on the issue of whether attorneys' fees may be included in the debt that is deemed nondischargeable by § 523(a)(16).

■ The HOAs argue that their debts for the HOA fees arise under applicable declarations of covenants, conditions and restrictions, which Arizona law regards as a contract between the owner and the HOA.[12] And although Arizona law grants courts discretion to award attorneys' fees to the successful party in any action on a contract,[13] courts lack discretion to deny fees when the contract specifically pro-

---

**10.** *Ames*, 2011 WL 1457750, at *2.

**11.** A quit claim deed is a form of conveyance recognized by Arizona law, Arizona Revised Statutes ("A.R.S."), § 33–402. The quit claim deed conveys to the grantee only the rights the grantor then possessed, and does not constitute a muniment of title. *Lake Havasu Cmty. Hosp., Inc. v. Arizona Title Ins. and Trust Co.*, 141 Ariz. 363, 687 P.2d 371(1984), *overruled on other grounds by Barmat v. John and Jane Doe Partners A–D*, 155 Ariz. 519, 747 P.2d 1218 (1987). In some counties and perhaps some other states it might be called a "grant deed." A quit claim deed need only be signed by the grantor pursuant to A.R.S. § 33–401(B), and Arizona statutes do not require acceptance by the grantee as do some methods of conveyance, such as a joint tenancy. *See Bostwick v. Jasin*, 170 Ariz. 15, 821 P.2d 282 (1991) ("a joint tenancy is not created in Arizona unless it clearly appears that the grantees have agreed to accept the conveyances as joint tenants"). Query, though, whether the common law of Arizona still requires both a "delivery" and an "acceptance" by the grantee for any conveyance of real property to be effective, *see Parker v. Gentry*, 62 Ariz. 115, 154 P.2d 517 (1944), or whether delivery and acceptance are not required for a quit claim deed because it "is not a conveyance." *Adamson v. Doornbos*, 587 S.W.2d 445, 447 (Tex.Civ.App.1979), cited in Lake Havasu Cmty. Hosp., supra. Or does the recording of a deed satisfies these requirements if they do apply? *See Roosevelt Sav. Bank v. State Farm Fire & Cas. Co.*, 27 Ariz. App. 522, 556 P.2d 823, 825 (1976). And if the bank or HOA fails to object to the debtor's motion for authority to quit claim the property, or if the court overrules their objection, would that satisfy the common law requirement for acceptance if it continues to exist?

**12.** *Pinetop Lakes Ass'n v. Hatch*, 135 Ariz. 196, 659 P.2d 1341, 1343 (1983).

**13.** A.R.S. § 12–341.01.

vides for them.[14] The HOAs also rely on the Supreme Court decisions in *Travelers*,[15] holding that attorneys' fees may be included as part of an allowed unsecured claim against an estate, and *Cohen*,[16] holding that treble damages and attorneys' fees may also be nondischargeable as a liability arising from fraud.

Debtor argues that attorneys' fees are awardable under A.R.S. § 12–341.01 only when the contract is the substantive predicate to the action, which is not the case here where the issue is § 523(a)(16) rather than the CC & Rs. Debtor also argues that § 523(a)(16) does not expressly include attorneys' fees, and that exceptions to the discharge should be strictly construed in favor of the Debtor.[17]

Debtor may be entirely correct that A.R.S. § 12–341.01 would not allow attorneys' fees here, where although the existence of a contract is a necessary predicate to the action, it is not the central issue in the litigation. But, as noted, the HOAs' request for attorneys' fees rests not only on A.R.S. § 12–341.01, but also on the express terms of the contract itself. The declarations of CC & Rs are clear that the HOAs may recover fees incurred by the association in any litigation with the homeowner in collecting or attempting to collect delinquent assessments.

In § 523(a)(16), the discharge exception is not limited to HOA "assessments," but also includes "a fee." Even a narrow construction of this discharge exception can not yield the conclusion that attorneys' fees do not constitute such "a fee." The Ninth Circuit BAP has reached the same conclusion with respect to an HOA's attorneys' fees incurred on appeal,[18] and the Seventh Circuit has similarly concluded that attorneys' fees incurred in litigating dischargeability of a student loan may be awarded when the loan contract provides for them.[19]

### Conclusion

The Court therefore finds and concludes that the post-petition HOA fees and assessments, including the attorneys' fees incurred in attempting to collect them, are nondischargeable pursuant to §§ 523(a)(16) and 1141(d).

■ Although the Ninth Circuit has recognized that a bankruptcy court has jurisdiction to enter a money judgment on a debt determined to be nondischargeable,[20] the Court will not do so here. The HOAs have not asked for entry of a judgment, and this is not a nondischargeability action, for which Bankruptcy Rule 7001(6) would require an adversary proceeding.

IT IS THEREFORE ORDERED denying the Debtor's motion to compel the HOAs to comply with the confirmed plan.

---

**14.** *Chase Bank of Ariz. v. Acosta*, 179 Ariz. 563, 880 P.2d 1109, 1121 (1994).

**15.** *Travelers Cas. & Sur. Co. v. Pacific Gas & Elec. Co.*, 549 U.S. 443, 127 S.Ct. 1199, 167 L.Ed.2d 178 (2007).

**16.** *Cohen v. de la Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998).

**17.** *Snoke v. Riso (In re Riso)*, 978 F.2d 1151 (9th Cir.1992).

**18.** *Foster*, 435 B.R. at 662–63.

**19.** *Busson Sokolik v. Milwaukee Sch. of Eng'g (In re Busson Sokolik)*, 635 F.3d 261 (7th Cir.2011).

**20.** *Cowen v. Kennedy (In re Kennedy)*, 108 F.3d 1015, 1017–18 (9th Cir.1997).