In the Matter of Thomas Barry
CLOWER, Leslie S. Clower,
Debtors.

Leslie S. Clower, Plaintiff,

v.

Le Jardin at Baytowne Wharf
Condominium Association,
Inc., Defendant.

Bankruptcy No. 09–12184–WHD.
Adversary No. 11–1021–whd.

United States Bankruptcy Court,
N.D. Georgia,
Newnan Division.

Aug. 29, 2011.

William Russell Patterson, Ragsdale Beals Seigler Patterson & Gray, Atlanta, GA, for Debtors.

## ORDER

W.H. DRAKE, Bankruptcy Judge.

Before the Court is a Motion to Dismiss Complaint, filed by Le Jardin at Baytowne Wharf Condominium Association, Inc. (hereinafter the "Defendant"). The motion arises in connection with a complaint for damages for a violation of the automatic stay and a request for injunctive relief, filed by Leslie S. Clower (hereinafter the "Plaintiff"). The Plaintiff opposes the dismissal of the Complaint. This matter constitutes a core proceeding, over which this Court has subject matter jurisdiction. *See* 28 U.S.C. § 157(b)(1)(A); § 1334.

### PROCEDURAL HISTORY AND FACTS

The Plaintiff filed a voluntary petition under Chapter 7 of the Bankruptcy Code on June 23, 2009. At that time, the Plaintiff owned a condominium unit at Le Jardin Condominium in Walton County, Florida (hereinafter the "Unit"), which was the subject of a foreclosure action brought by Wachovia Mortgage Corporation (hereinafter "Wachovia") in Walton County (hereinafter the "Foreclosure Action") on May 28, 2009. Wachovia filed an unopposed motion for relief from the automatic stay in the Plaintiff's main bankruptcy case (09–12184–whd), and the Court entered a consent order granting such relief on September 15, 2009 (Docket Number 40). The Motion requested the Unit be abandoned as property of the estate, but was not served on all creditors.

The September 15th Order bears the signatures of counsel for the Debtor, counsel for Wachovia, and the Trustee and states as follows:

IT IS HEREBY ORDERED that the Movant's Motion is GRANTED. The Automatic Stay pursuant to 11 U.S.C. § 362 is hereby LIFTED. The 10 day Stay pursuant to Bankruptcy Rule 4001(a)(3) is waived. Movant may proceed with its state law remedies and foreclose or otherwise dispose of or take action including, but not limited to, dispossessory proceedings, against said property now or formerly known as 9201 Market Street, Destin, Walton County, Florida, more particularly described on Exhibit "A" attached to the Motion for Relief from Automatic Stay, as necessary in order for the Movant to recover upon its secured claim to the property. Any excess proceeds derived from a foreclosure sale will be remitted to the Chapter 7 Trustee, Theo Davis Mann. The Chapter 7 Trustee has determined that there is not significant equity in the property that could be realized for the benefit of the estate and, in response to the request for stay relief, requests the Court to approve the abandonment of the property by entry of this Order.

Since the filing of her bankruptcy petition, the Plaintiff has not returned to the Unit. While the Plaintiff expected Wachovia to quickly conclude the Foreclosure Action, as of the time of the filing of the Plaintiff's complaint, the Foreclosure Action remained pending and the Plaintiff's ownership interest in the Unit had not yet been foreclosed.

On April 13, 2011, the Plaintiff filed the Complaint, which alleges that, at some time after Wachovia obtained relief from the automatic stay, the Defendant attempted to "use the [Foreclosure Action] to obtain a personal judgment against the [Plaintiff] and to perfect its lien against" the Unit. The Complaint does not state the date upon which the Defendant took any action in the Foreclosure Action, or what that action may have been. The Plaintiff seeks damages arising from the Defendant's alleged violation of the automatic stay, damages arising from the Defendant's "continuation of the [Foreclosure Action] in violation of the discharge injunction," and reasonable attorney's fees. On May 27, 2011, the Defendant filed the instant motion to dismiss, which the Plaintiff opposes.

CONCLUSIONS OF LAW

A. *Rule 12(b)(6)*

The Defendant seeks dismissal of the complaint for failure to state a claim upon which relief can be granted. Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding by Rule 7012 of the Federal Rules of Bankruptcy Procedure, the Court shall dismiss a cause of action if it fails to state a claim upon which relief can be granted. *See* FED. R. BANKR.P. 7012(b); FED.R.CIV.P. 12(b)(6). When reviewing a complaint for purposes of adjudicating such a motion to dismiss, the Court must accept as true all factual allegations contained in the complaint and, on the basis of those facts, determine whether the plaintiff is entitled to relief. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 554–55, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Daewoo Motor America, Inc. v. General Motors Corp.,* 459 F.3d 1249 (11th Cir.2006) (stating that the court must "view the complaint in the light most favorable to the plaintiff and accept the well-pleaded facts as true"). The facts asserted in the complaint need only comprise a "short and plain statement" that shows the plaintiff's claim for relief is "plausible on its face." *See* FED. R. BANKR.P. 7008; FED.R.CIV.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544,

127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *see also Watts v. Florida Intern. University,* 495 F.3d 1289 (11th Cir.2007) (complaint must "alleged enough facts to suggest, raise a reasonable expectation of, and render plausible" the necessary elements of a cause of action); *Schaaf v. Residential Funding Corp.,* 517 F.3d 544 (8th Cir.2008) ("The plaintiffs need not provide specific facts in support of their allegations, *Erickson v. Pardus,* 551 U.S. 89, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (per curiam), but they must include sufficient factual information to provide the 'grounds' on which the claim rests, and to raise a right to relief above a speculative level. *Twombly,* 127 S.Ct. at 1964–65 & n. 3."). That being said, the Court need not accept as true "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint has "facial plausibility" only when well pleaded facts permit the Court to "draw a reasonable inference that" the plaintiff can meet the required elements of the cause of action. *Id.* at 1940; *see also Watts,* 495 F.3d at 1296.

"The relevant record under consideration consists of the complaint and any 'document integral or explicitly relied on in the complaint.'" *In re New Century Holdings, Inc.,* 387 B.R. 95 (Bankr.D.Del.2008) (quoting *U.S. Express Lines, Ltd. v. Higgins,* 281 F.3d 383, 388 (3d Cir.2002); *see also In re Raymond Professional Group, Inc.,* 386 B.R. 678 (Bankr.N.D.Ill.2008)) ("A court may consider only the contents of the pleadings," which include "'the complaint, the answer, and any written instruments attached as exhibits,' ..., including documents incorporated by reference in the pleadings."). Further, although the court may not consider matters outside the four corners of the complaint without converting the motion to dismiss to a motion for summary judgment.... [a] document attached to a motion to dismiss ... may be considered ... provided the document is "'(1) central to the plaintiff's claim; and (2) undisputed.'" *Chandler v. Kopelousos,* 2011 WL 1791299 *3 (M.D.Fla. May 10, 2011).

Here, the Complaint incorporates by reference the Court's order lifting the automatic stay in favor of Wachovia. Although the Order is not attached to the Complaint, the Order is a matter of public record available in the Court's own records. Accordingly, the Court will consider the facts as stated in the Complaint and will take judicial notice of the language used in the Court's September 15th Order. Additionally, the Defendant's motion for summary judgment in the Foreclosure Action (hereinafter "Exhibit A") is attached to the Plaintiff's response to the Defendant's motion to dismiss. Statements made by the Defendant in Exhibit A concerning when the Defendant served its crossclaim and summons against the Plaintiff and what relief the Defendant sought in the Foreclosure Action are central to the Plaintiff's claim. As there is no indication that the Defendant disputes the authenticity of Exhibit A, the Court will consider Exhibit A without converting the Defendant's motion to dismiss to a motion for summary judgment.

B. *Whether the Defendant's Conduct Violated the Automatic Stay or the Discharge Injunction*

The Defendant asserts that it did not violate the automatic stay by continuing to prosecute its claim against the Plaintiff in the Foreclosure Action because the Court's September 15th Order resulted in the abandonment of the Unit from the bankruptcy estate. The Defendant also submits that it did not violate the discharge injunction because its actions against the Plaintiff sought payment of

amounts that are nondischargeable under section 523(a)(16) of the Code.

As noted above, the Court cannot ascertain from the Complaint what actions the Defendant took with regard to the Unit. The Complaint is vague with regard to what the Defendant filed in the state court action and when it was filed. In its Motion, the Defendant states that it was named as a defendant in the Foreclosure Action and that it filed its answer in the Foreclosure Action on June 19, 2009, four days prior to the date the Plaintiff filed her petition. The Defendant also states that it filed a two-count crossclaim against the Plaintiff for lien foreclosure and damages. Although it is not clear from the Complaint or the Motion, the Court assumes that the crossclaim was filed at the time the Defendant filed its answer, which would have been prepetition. Exhibit A, however, contains a statement by the Defendant that it served its crossclaim and summons on the Plaintiff on June 30, 2009, which was after the Plaintiff filed her bankruptcy petition. Further consideration of Exhibit A reveals that the Defendant later filed a motion for summary judgment against the Plaintiff on March 22, 2011, in which the Defendant sought payment of $31,572 in regular condominium assessments and interest of $4,522.16, as well as $510 in legal costs and attorney's fees. While Exhibit A contains an affidavit confirming that all of the assessments accrued postpetition, the attached affidavit of fees seeks payment of $385 for 2.2 hours of attorney time that was rendered prepetition.

The question of whether the Defendant's actions violated the automatic stay implicates two subsections of section 362(a). First, the Plaintiff is correct that, to the extent the Defendant attempted to foreclose its lien against the Unit, the Defendant violated section 362(a)(4). Section 362(a)(4) prohibits "any act to create, perfect, or enforce any lien against property of the estate." The Defendant asserts that it did not violate section 362(a)(4) because the Court's September 15th Order lifting the stay in favor of Wachovia also authorized the abandonment of the Unit to the Debtor.

■■■ The Court concludes that the Court's September 15th Order did not result in the abandonment of the estate's interest in the Unit. The lifting of the automatic stay ordinarily "removes an injunction barring creditors from bringing suit against the debtor." *In re Brook Valley VII, Joint Venture,* 496 F.3d 892 (8th Cir.2007) (citing *Catalano v. Commissioner,* 279 F.3d 682, 686 (9th Cir.2002)). The entry of the order granting relief from the stay does not extinguish the estate's interest in the property. *Id.* at 899. ("Because the estate is entitled to any proceeds in excess of the amount owed, ... the estate retains a property interest so long as state law recognizes the underlying property right.").

■■■ Under section 554 of the Code, "[o]n request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate." 11 U.S.C. § 554(b). Here, Wachovia did not file a motion to compel abandonment and serve it, along with a notice of hearing, on all creditors, as required by with Rule 6007. Wachovia did request the abandonment of the Unit in its motion for relief from the automatic stay, which was set for a hearing. "However, if an abandonment order is included within an order issued pursuant to another section of the Bankruptcy Code, the order must set forth the abandonment specifically and affirmatively, and parties in interest must have received the

requisite notice and hearing required by § 554(a)." *Catalano v. Commissioner of Internal Revenue*, 279 F.3d 682, 687 (9th Cir.2002). "The failure on the part of an abandoning trustee to properly abandon in a manner consistent with section 554(a) renders the abandonment ineffective." *In re Missouri River Sand & Gravel, Inc.*, 88 B.R. 1006, 1010 (Bankr.D.N.D.1988); *see also In re Zimmerman*, 2008 WL 1925123 (D.Ariz.2008) ("In this case, there is no evidence that the required notice and hearing occurred. The subject property therefore remained part of the bankruptcy estate."); *Sierra Switchboard Co. v. Westinghouse Elec. Corp.*, 789 F.2d 705, 709 (9th Cir.1986) ("Therefore, there is no abandonment without notice to creditors."); *Dunlap v. Independence Bank*, 2007 WL 2827649 (W.D.Ky.2007) ("For these reasons, the Court holds that no abandonment can occur without notice to all creditors as Rule 6007 provides.").

In this case, the order is inconsistent in its language. If the parties had intended a complete abandonment of the Unit to the Plaintiff, they would not have included language requiring Wachovia to remit any excess proceeds to the Trustee. Further, since the motion for relief was not served on all creditors, as Rule 6007 requires of a notice of proposed abandonment, the September 15th Order cannot be construed to fully abandon the Unit.

As the Court has determined that the order granting Wachovia relief from the automatic stay did not abandon the estate's interest in the Property, the Court must also find that the continuation of the Defendant's attempt to enforce its lien on the Property constituted a violation of section 362(a)(4). That being said, as section 362(k) permits the Court to award damages for a violation of the automatic stay only to "an individual injured by any willful violation of" the stay, the Court questions whether the Plaintiff can show such an injury, given her allegations that she had no interest in the Property and that her sole intent had been to surrender the Property to Wachovia to enable it to foreclose its interest in the Property.

■ Second, section 362(a)(1) provides a stay "applicable to all entities, of . . . the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title." 11 U.S.C. § 362(a)(1). As to whether the service of the crossclaim and summons against the Plaintiff violated section 362(a)(1), the Court must determine whether the action at issue arose before the commencement of the case, as the automatic stay "neither expressly nor implicitly prohibits causes of action which arise after the petition in bankruptcy is filed." *Turner Broadcasting System, Inc. v. Sanyo Elec., Inc.*, 33 B.R. 996, 999 (N.D.Ga.1983). Accordingly, if the Defendant's suit against the Plaintiff involved only a postpetition claim, the Defendant could not have violated section 362(a)(1) by serving the crossclaim and summons against the Plaintiff after the filing of her bankruptcy petition.

■ Although the Defendant's actual crossclaim is not available for the Court's consideration, given the fact that the crossclaim was actually filed four days before the Plaintiff file her bankruptcy petition, it is likely that at least some of the relief sought by the crossclaim involved a claim that arose prior to the petition date. Further, Exhibit A indicates that, even after the Defendant became aware of the Plaintiff's bankruptcy filing, the Defendant was seeking repayment for attorney's fees that

had already been incurred prior to the petition. Assuming the Plaintiff can prove that the Defendant's crossclaim sought payment of a prepetition claim, the Plaintiff would prevail on her claim that the service of the summons upon her after the filing of her petition violated section 362(a)(1). In such a case, the Plaintiff is correct that the service was void and of no effect. *See In re Albany Partners, Ltd.,* 749 F.2d 670, 675 (11th Cir.1984) ("Actions taken in violation of the automatic stay are void and without effect.").

That being said, it may again be that the Plaintiff can show no real injury arising from the Defendant's violation. The facts suggest that the Plaintiff would have eventually been required to defend the Defendant's suit. Even if the Court finds that the Plaintiff was not a proper party to the Defendant's crossclaim in the Foreclosure Action and orders the Defendant to dismiss the crossclaim, the Plaintiff's victory could be somewhat short lived. As the bulk of the assessments the Defendant claims appear to be fees or assessments that became "due and payable after the order for relief," the fees would be nondischargeable pursuant to section 523(a)(16). *In re Burgueno,* 451 B.R. 1 (Bankr.D.Ariz. 2011). Any automatic stay that previously prevented the Defendant from filing suit against the Plaintiff to collect its nondischargeable debt terminated with the entry of the Plaintiff's discharge.[1] Accordingly, there would be nothing to prevent the Defendant from refiling its claim against the Defendant for these amounts. *See*

*Hearst Magazines v. Stephen L. Geller, Inc.,* 2009 WL 812039, *2 (S.D.N.Y.2009) (holding that a suit filed in violation of the automatic stay is void ab initio and should be dismissed without prejudice).

As noted above, it is not clear from the facts of this case whether the Defendant attempted to collect, after the entry of the Plaintiff's discharge, any assessments that became due and payable prior to the entry of the order from relief in the Plaintiff's bankruptcy case. If so, those amounts would constitute prepetition claims that would have been subject to discharge. Section 524 of the Code "relieves the debtor of personal liability for all pre-petition debts but those excepted under the Bankruptcy Code." *In re Rosenfeld,* 23 F.3d 833, 836 (4th Cir.1994) (citing 11 U.S.C. § 727). The discharge operates to stay permanently any attempt to hold the debtor personally liable for discharged debts. 11 U.S.C.A. §§ 524(a)(2). The Court can hold a party in contempt, pursuant to section 105(a) of the Code, for a knowing violation of the discharge injunction. *See Hardy v. United States (In re Hardy),* 97 F.3d 1384 (11th Cir.1996). Unlike a finding of contempt under the Court's inherent contempt power, the Court need not find that the defendant acted in bad faith to find a violation of the discharge injunction. *See id.,* 97 F.3d at 1390. Of course, any assessments that became due and payable after the entry of the order for relief in the Plaintiff's bankruptcy case would not be subject to discharge and the Defendant's attempts to

---

1. While it is not necessary to decide the issue at this time, the Court notes that there remains a question as to whether section 362(a)(1) actually stayed the filing of a suit to collect the postpetition assessments, as these may have been claims against the Plaintiff that did not arise prior to the commencement of the bankruptcy case. *See, e.g., In re Hall,* 454 B.R. 230 (Bankr.N.D.Ga.2011) (Mullins, J.) (finding that, under Georgia law, postpetition condominium fees are not prepetition claims; the obligation to pay postpetition assessments is not in the nature of an executory contract, but instead, in the nature of a covenant that runs with the land, and therefore, such claims do not arise until the assessments are made).

collect only those amounts would not prohibited by the discharge injunction. If the evidence in this case demonstrates that the Defendant did not attempt to collect any prepetition assessments after the entry of the Plaintiff's discharge, the Court will dismiss the count seeking to hold the Defendant in contempt of the discharge injunction.

## CONCLUSION

For the reasons stated above, the Defendant's Motion to Dismiss is **DENIED**.